(C.D. 4680)

MINOX CORPORATION D/O BERKEY PHOTO, INC. *v.* UNITED STATES

Court No. 74-8-02145

Port of New York

(Dated December 22, 1976)

*Serko & Simon* (*Gerald B. Horn* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*John J. Mahon,* trial attorney), for the defendant.

NEWMAN, Judge: Pursuant to rules 4.7(b) and 4.12 defendant has moved for an order severing and dismissing this action as to protest Nos. 1001-4-000355, 1001-4-002370 and 1001-4-002371.

For the reasons stated below, defendant's motion is granted in part. The pertinent statutory provisions read:

19 U.S.C. § 1514(b)(1)(1970):

(1) * * * Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. * * *

28 U.S.C. § 1582(c) (1970):

(c) The Customs Court shall not have jurisdiction of an action unless (1) * * * a protest has been filed, as prescribed by section 514 [19 U.S.C. § 1514] of the Tariff Act of 1930, as amended, * * *.

Plainly, the intent of section 1514(b)(1) is to require an importer to present all claims arising out of the liquidation of any entry in a single protest, unless there are different categories of merchandise in the entry, in which event a separate protest may be filed for each

category. Consequently, the issue raised by defendant's motion is whether the three protests identified above cover a category of merchandise which is the subject of other protests in contravention of section 1514(b)(1).

Protest No. 1001–4–000354 (covered by Court No. 74–8–02136) relating to entry No. 185251 covers film, while protest No. 1001–4–000355 relating to the same entry, covers clamps and tripods. Thus, the two protests were properly filed for different categories of merchandise. Defendant's motion to dismiss this action as to protest No. 1001–4–000355, accordingly, is denied.

Plaintiff contends that protest No. 1001–4–002368 (also covered by Court No. 74–8–02136) is limited to cameras in entry K325543. However, the protest states that the appraised value should be the invoice unit value less 2%, reflecting the correct additions for profit and general expenses, but there is no mention of cameras or any other specific category of merchandise. The claim that "[a]n addition of 10% for possible higher expenses for general expenses in sales for domestic consumption following CAD 1081 * * * is no longer valid" does not confine the scope of the protest to cameras, particularly in view of a worksheet accompanying the entry papers which shows that the 10% addition also applied to clamps and tripods. Where, as in protest No. 1001–4–002368, plaintiff fails to limit its claim to a particular category of merchandise, it may be assumed, unless clearly shown to the contrary, that the protest is not limited to merely one item of merchandise in the entry. Here, such contrary showing has not been made by plaintiff respecting protest No. 1001–4–002368. Hence, protest Nos. 1001–4–002370 and 1001–4–002371, covering respectively binocular clamps and tripods with clamps in entry K325543, are severed, and this action is dismissed as to those protests.

In sum, it is clear that section 1514(b)(1) permits importers to file separate protests where the entry covers merchandise of different categories, as contended by plaintiff. By the holding herein, the court does not intend to discourage the permissible practice of filing separate protests covering different categories of merchandise in an entry; nor does the court intend that the framing of claims in separate protests involving the same entry be a complex or arduous task. On the contrary, Congress intended in the Customs Courts Act of 1970 (P.L. 91–271) to simplify the importers' problems to the extent that, unlike the practice prior to October 1, 1970, importers may now challenge liquidations in a single protest, whether the claim arises out of the appraised value of the merchandise or its classification, or both such "decisions." Nevertheless, it should be emphasized that where, as here, separate protests are filed involving the same entry, the plaintiff must comply with the statutory prerequisite that *separate categories* of merchandise be covered by *each* protest.

112

The court wishes to make it plain—and stresses—that the court does not intend to place any unnecessary barriers in the path of importers. However, here, the court has no alternative and is constrained to agree with the defendant's contention that plaintiff has not shown compliance with the statute respecting the two severed protests herein.

Defendant's motion, therefore, is granted in part; and denied in part, as noted above.

Order signed.