## KNICKERBOCKER LIQUORS CORP.

### v.

### UNITED STATES.

C.R.D. 77–5; Court No. 74–11–03088.

United States Customs Court.

June 9, 1977.

**1348**

Rode & Qualey, New York City (Peter Jay Baskin, New York City, of counsel), for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D.C. (Laura D. Millman, New York City, trial atty.), for defendant.

## MEMORANDUM OPINION

BOE, Judge:

Pursuant to rules 4.7(b)(2) and 4.12 of the rules of court, the defendant has moved to dismiss the above-entitled action for lack of jurisdiction because of plaintiff's failure to timely file the summons in said action pursuant to 28 U.S.C., section 2631(a), providing:

§ 2631. Time for commencement of action

(a) An action over which the court has jurisdiction under section 1582(a) of this title is barred unless commenced within one hundred and eighty days after:

(1) the date of mailing of notice of denial, in whole or in part of a protest pursuant to the provisions of section 515(a) of the Tariff Act of 1930, as amended; or

(2) the date of denial of a protest by operation of law pursuant to the provisions of section 515(b) of the Tariff Act of 1930, as amended.

The following facts, pertinent to the determination of this motion, are undisputed:

(1) the plaintiff filed a protest in the within action on April 26, 1972,

(2) a notice of denial was mailed to the plaintiff on November 1, 1974, and

(3) the plaintiff filed a summons in said action on November 7, 1974.

In support of its motion to dismiss the defendant asserts that the timeliness of the filing of the summons in the instant action must be determined in conjunction with the provisions of 19 U.S.C., section 1515, providing:

§ 1515. Review of protests; administrative review and modification of decisions; request for accelerated disposition of protest.

(a) Unless a request for an accelerated disposition of a protest is filed in accordance with subsection (b) of this section the appropriate customs officer, within two years from the date a protest was filed in accordance with section 1514 of this title, shall review the protest and shall allow or deny such protest in whole or in part. Thereafter, any duties, charge, or exaction found to have been assessed or collected in excess shall be remitted or refunded and any drawback found due shall be paid. Upon the request of the protesting party, filed within the time allowed for the filing of a protest under section 1514 of this title, a protest may be subject to further review by another appropriate customs officer, under the circumstances and in the form and manner that may be prescribed by the Secretary in regulations, but subject to the two-year limitation prescribed in the first sentence of this subsection. Notice of the denial of any protest shall be mailed in the form and manner prescribed by the Secretary.

(b) A request for accelerated disposition of a protest filed in accordance with section 1514 of this title may be mailed by certified or registered mail to the ap-

propriate customs officer any time after ninety days following the filing of such protest. For purposes of section 1582 of Title 28, a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing by certified or registered mail of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such request.

The defendant concludes from the foregoing statute that the failure of a customs official to either allow or deny a protest within a period of two years from the day of its filing constitutes a constructive denial thereof, causing the 180-day time limitation to automatically begin running on the day immediately following the last day of said two-year period, namely—April 26, 1974. By the time the summons was actually filed on November 7, 1974, the defendant charges that a total period of 196 days had elapsed thus causing the filing of the summons in question to be untimely.

This court is unable to accept the contention urged by the defendant. It appears that in its reasoning the defendant misconceives the purpose and the intent evidenced by the Congress in the enactment of 19 U.S.C., section 1515(a). The foregoing section relates to the manner in which administrative review shall be conducted and determined by customs officials. It is regulatory in character and prescribes the period of time and the form in which the obligations and responsibilities of these officials are to be performed. The specific obligation is imposed thereby on customs to mail a notice of denial to a protestant. This section does not serve as a statute of limitation with respect to the commencement of an action, but only provides for the act or occurrence from which the 180-day time limitation provided by 28 U.S.C., section 2631(a)(1) begins to run.

It is this latter section (section 2631(a)(1)) which imposes the limitation period on the commencement of a court action and specifies when this period commences. The language of this section is plain and unequivocal. The 180-day limitation period begins

to run *not* from the date a protest is denied, but from the date the notice of denial is *mailed* to the plaintiff. Thus, until the independent, though related, obligation to mail the notice of denial is complied with by customs, the corresponding obligation imposed on the plaintiff by 28 U.S.C., section 2631(a)(1), to file a summons within 180 days thereafter does not attach. To accept the defendant's contention that the 180-day limitation period automatically commences by operation of law in cases where no administrative review of a protest occurs within two years of its filing, would not only ignore the unambiguous phraseology of 28 U.S.C., section 2631(a)(1), but would also dispense with the directive contained in 19 U.S.C., section 1515(a) that customs mail notices of denial to protestants in all such cases.

Had Congress intended the automatic commencement of the 180-day limitation period after two years of administrative inaction on a protest by customs, it, indeed, would have expressly so provided. The intent of Congress is clearly evidenced by the contrasting statutory provisions relating to a protest subject to accelerated disposition. 19 U.S.C., section 1515(b) provides that a protest, which has not been allowed or denied within 30 days following the date of mailing of a request for an accelerated disposition is deemed denied. With respect to the protest subject to accelerated disposition, the Congress has placed the affirmative burden on the plaintiff to commence an action by the filing of a summons within 180 days after the date of the constructive denial. No notice of denial is required to be mailed by customs. Accordingly, in the same manner that section 2631(a)(1) refers to section 1515(a) in order to specifically provide the time and/or occurrence from which the 180-day limitation period commences (date of mailing notice of denial), so in the case of a protest subject to accelerated disposition, section 2631(a)(2) refers to section 1515(b) for the purpose of providing the specific but dissimilar time and/or occurrence from which the 180-day limitation period commences (the 30th day following

the mailing of a request for accelerated disposition). To place a construction on 19 U.S.C., section 1515(a) and 28 U.S.C., section 2631(a)(1) where accelerated disposition is not requested, as urged by the defendant, would destroy the very distinction so patently intended by the Congress.

The legislative history of the Customs Courts Act of 1970 illustrates the intent of Congress with respect to the issue presented by the present motion. In its formative stages the Senate Bill 2624, which eventually became the 1970 Act, contained an additional subsection (c) amending section 515 of the Tariff Act of 1930 and providing for the constructive denial of protests after a period of two years without administrative action. The proposed subsection provided in pertinent part:

Sec. 515. Review of Protests.—

(c) Constructive Denial of Protest.— Any protest which has not been allowed or denied in whole or in part in accordance with paragraph (a) of this section * * * shall be deemed denied after two years have elapsed from the date the protest was filed in accordance with section 514 of this Act. [S. 2624, 91st Cong., 1st Sess. § 208 at pp. 25–26. (Introduced July 14, 1969).]

At the hearings conducted in connection with the proposed Senate Bill, strenuous objection was made with respect to the foregoing provision relating to constructive denial of *all* protests. It was contended that an intolerable burden would be imposed on importers to be required to follow the progress of each and every protest over the period of two years. Senate Hearings on S. 2624, 91st Cong., 1st Sess. at pp. 121, 136, 147, 165, 169 and 175 (1969).

In the report of the Senate Committee on the Judiciary, the proposed subsection (c) amending section 515 of the Tariff Act of 1930, *supra,* was deleted. Senate Report No. 91–576, Amendment No. 14, p. 4 (1969). The reasoning of the Senate Committee is clearly stated in its report at pages 29–30:

Your Committee has stricken section 515(c) as it would have been added by S. 2624. That proposed subsection provided that protests which are not affirmed or denied on their merits within 2 years following the date of filing would be deemed denied at the end of that 2 year period. Such a provision would impose on the importer of record the burden of following his protest continuously in order to determine when the 180 day period within which a summons must be filed in the Customs Court begins to run, *as no notice of the expiration of the 2 year period was required.*

In view of the expectation of the Treasury Department that generally protests will not require significantly more time for review than the time required under existing law, *your Committee has eliminated the constructive denial procedure.* Instead, proposed section 515(a), in the bill as it was introduced, has been revised to impose an obligation on the Bureau of Customs to act on the merits of all protests within 2 years from the date on which they are filed and to mail notice of all denials to the protesting party in each case. [Emphasis supplied.]

In lieu of the deleted subsection (c), the Senate Bill substituted section 112 which as explained on page 17 of the Senate Report, *supra* :

* * * completely revises section 2631 to title 28, United States Code. It formerly set forth the procedures for appeal to the Customs Court in reappraisement disputes. The new section establishes the time for commencing an action in the Customs Court.

Section 2631(a) requires that a suit on a protest denied pursuant to section 515(a) of the Tariff Act of 1930, as amended, be brought within 180 days after the date of mailing of notice of its denial, in whole or in part, or within 180 days after the date of denial of a protest by operation of law pursuant to the provisions of section 515(b) of the Tariff Act of 1930, as amended.

Thus, in the Customs Courts Act of 1970, as ultimately enacted, the time for the commencement of a court action by the filing of a summons is specifically tied to the

mailing of the notice of denial of protest. In every action, other than those actions in which there has been a request for an accelerated disposition under the provisions of 19 U.S.C., section 1515(b), customs has been given the affirmative obligation to notify the importer of the denial of his protest. The mailing of this notice of denial has been made the prerequisite to the commencement of the 180-day time limitation period. See S. Report No. 91–576, 91st Cong., 1st Sess., pp. 17, 29–30 (1969).

The defendant submits that the denial of its motion to dismiss may lead to an anomalous result of allowing customs to delay the mailing of notices of denial *ad infinitum* despite the fact that customs has the affirmative obligation by statute to allow or deny all protests within a period of two years of their filing. The defendant argues at length that the Congress did not foresee such a particular eventuality, thus permitting "a projected construction" of congressional intent beyond and in variance with that expressed in the explicit language of the statute.

Contrary to the hypothesis of defendant's counsel, the report of the Senate Committee evidences that full consideration was given to the two-year period of review of protests granted to customs in the act. In fact, witnesses for the Treasury Department testified that a majority of all protests were fully processed within 90 days of their receipt. (See S. Report No. 91–576, 91st Cong., 1st Sess., p. 28 (1969).) To ignore explicit statutory language because of an unanticipated possibility that customs willfully or otherwise might fail to mail a notice of denial is not "an act of projection" of legislative intent, as urged by the defendant, but a usurpation of the legislative prerogative by means of judicial construction.

However, a further consideration of such an "anomalous result," as submitted by the defendant, is unnecessary, for in the present proceeding the mailing of a notice of denial is without dispute and, accordingly, not in issue. Moreover, this court is unwilling to presume that customs officials would intentionally be guilty of such bad faith and conduct as would be present where notification of a denial of a protest is withheld specifically to prevent judicial review. The delay in the mailing of a notice of denial in the present case must be presumed to have been inadvertent. The court is confident that the normal standard of diligence by customs officials is one in which both the denial of a protest and the subsequent mailing of notice thereof to the importer occur well within the two-year period contemplated in 19 U.S.C., section 1515(a).

Accordingly, the court is of the opinion that the summons in the above-entitled action was timely filed and that the defendant's motion must be denied.

Let an order be entered accordingly.