(C.D. 4722)

RUSS TOGS, INC. *v.* UNITED STATES

Court No. 75-5-01106

(Dated December 8, 1977)

*Serko & Simon, Esqs.* (*Margaret H. Sachter* of counsel) for the plaintiff.
*Barbara Allen Babcock*, Assistant Attorney General (*Wesley K. Caine*, trial attorney), for the defendant.

1.

NEWMAN, Judge: Defendant has moved for an order severing entry numbers 314062 and 154009 covered by this civil action and dismissing said action as to those entries for lack of jurisdiction. The predicate of this court's lack of jurisdiction, as advanced by defendant, concerns the alleged invalidity under 19 U.S.C. § 1514(b)(1) of the second protests filed in connection with each of the above entries, respecting the same category of merchandise as was the subject of the prior protests.

Additionally, defendant has requested an extension of time to and including 30 days after the entry of an order herein within which to answer the complaint.

Plaintiff has interposed an opposition to the motion to sever and dismiss, but does not oppose that branch of defendant's application for an extension of time to answer the complaint.

For the reasons indicated herein, defendant's motion is granted.

Briefly, the pertinent facts leading to the present controversy are:

On August 9, 1973, two protests (Nos. 1001–3–011948 and 1001–3–011949) were filed on behalf of plaintiff challenging respectively the classification and the appraisement of certain merchandise (jackets) in entry No. 314062. The first protest (No. 1001–3–011948) was the subject of Court No. 75–5–01105,[1] while the second protest (No. 1001–3–011949) is the subject of the instant civil action.

On February 14, 1974, two protests (Nos. 1001–4–001636 and 1001–4–001637) were filed on behalf of plaintiff challenging respectively the classification and appraisement of the jackets in entry No. 154009. The first protest (No. 1001–4–001636) was the subject of Court No. 75–5–01105, while the second protest (No. 1001–4–001637) is the subject of the instant civil action.

From the foregoing facts, it is apparent that each of the entries sought by defendant to be severed is the subject of two separate protests, which were in turn the subject of separate civil actions; and that it is the second protests that are covered by the instant action.

In support of its motion for severance and dismissal of this action respecting entry numbers 314062 and 154009, defendant asserts that the court lacks jurisdiction of the *second* protests (Nos. 1001–3–011949 and 1001–4–001637), inasmuch as they contravene the one protest per entry rule in 19 U.S.C. § 1514(b)(1). This statute, so far as pertinent, reads:

> * * * *Only one protest may be filed for each entry of merchandise,* except that where the entry covers merchandise of different categories, a separate protest may be filed for each category.

---

[1] This action was abandoned on May 13, 1977 and dismissed on May 24, 1977.

In addition, separate protests filed by different authorized persons with respect to any one category of merchandise that is the subject of a protest are deemed to be part of a single protest. * * * [Emphasis added.]

Defendant insists that since the second protests covering entries 314062 and 154009 do not fall within the exceptions to the one protest per entry rule in section 1514(b)(1), "this case should be dismissed as to the merchandise covered by those jurisdictionally defective protests", citing this court's decision in *Minox Corporation d/o Berkey Photo, Inc.* v. *United States*, 77 Cust. Ct. 110, C.D. 4680 (1976).

In opposition to defendant's motion for severance and dismissal, plaintiff argues that "the two protests for each entry were filed at the same time on the same day and stamped in sequence"; that the difference in time between filing the first and second protests "a few seconds at most, would appear to be *de minimis*"; and that the second protests were "later" than the first protests only by virtue of the "chance of the order in which they were stamped in". Plaintiff also urges that the purpose of the single protest rule in section 1514(b)(1) is to avoid separate litigation of different issues arising out of a single entry comprising a single category of merchandise; and that since Court No. 75-5-01105, covering the classification protests filed first (Nos. 1001-3-011948 and 1001-4-001636), has been abandoned by plaintiff, the second protests concerning appraisement constitute the only protests to be litigated before the court respecting entries 314062 and 154009.

### 2.

Central to the resolution of the jurisdictional issue presented here is the Congressional intent manifested in the one protest per entry rule in section 1514(b)(1).

Prior to the modernization of procedures in 1970 relating to judicial actions and administrative proceedings in customs matters by P.L. 91-271 (84 Stat. 274), there was no statutory bar to the filing of multiple protests respecting the same entry of merchandise. Moreover, appraisement and classification issues presented in a single entry were required to be litigated separately. These mandated separate proceedings for contesting appraisement and classification were regarded as one of the major defects in the prior statutory procedures. Thus, the Senate Committee on the Judiciary reported to the Senate (S. Rep. No. 91-576, 91st Cong., 1st Sess. 10 (1969)):

The major defects in present statutory procedures include the following:

If both questions of appraisement and classification are presented in a single entry of merchandise, the importer cannot have all issues resolved in a single proceeding. Instead, he must first contest the appraisement issue.

Only after this issue has been finally determined by the courts, may he contest the classification of the merchandise.

To remedy the procedural defect mentioned above, the Senate Committee recommended (S. Rep., *supra*, at page 12):

9. There will be a single judicial proceeding in which all issues, including both appraisement and classification, will be considered. * * *

This recommendation was based on the following guideline (S. Rep., *supra*, at page 11):

1. There should be a *single, continuous* procedure for deciding all issues in any entry of merchandise, including appraisement and classification issues. [Emphasis added.]

In view of the legislative background cited *supra*, it is apparent that one of the principal concerns of Congress in enacting P.L. 91–271 was to avoid piecemeal administrative processing and subsequent litigation of different issues pertaining to the same entry of merchandise; and it is beyond peradventure that Congress did not desire the filing of separate protests contesting classification and appraisement for the same category of merchandise in a single entry.

To effectuate the Congressional intent in the one protest per entry rule on section 1514(b)(1), I am clear that only the *first* protest received by customs for filing may practicably be treated as valid. The filing of multiple protests challenging different administrative decisions in a liquidation (viz., classification, appraisement, etc.) regarding the same category of merchandise in a single entry is plainly inimical to the objective of the statute seeking to streamline the administrative and judicial review of customs decisions. Here, in the two entries sought to be severed by defendant (Nos. 314062 and 154009), plaintiff separately contested the classification and appraisement decisions respecting a single category of merchandise (jackets) by the filing of dual protests, a practice which Congress envisioned and intended would be specifically prohibited in section 1514(b)(1). There is no indication whatsoever in the dual protests that they were intended to amend each other so that each protest would cover both the classification and appraisement issues, as asserted by plaintiff—undoubtedly an afterthought. See also 19 C.F.R. § 174.14.

Plaintiff's argument, that the second protests do not violate the one protest per entry rule of section 1514(b)(1) because the civil action covering the first protests (Court No. 75–5–01105) was abandoned, is totally without merit. The statute evinces Congressional concern with the *filing* of multiple protests, and not with what action a protestant may or may not decide to take in the course of future litigation. Obviously, neither an efficient administrative nor judicial review can practicably await a protestant's option as to which of several multiple protests or civil actions filed will be abandoned. Hence, the fact that

plaintiff ultimately abandoned Court No. 75–5–01105 covering the first protests challenging the classification decisions in entries 314062 and 154009 cannot be deemed to retroactively validate the proscribed second protests covered by this action challenging the appraisement decisions.

Further, there is no merit in plaintiff's argument which infers that the statute does not mean what it says about filing one protest per entry where, as here, the dual protests were filed consecutively on the same date. Plaintiff urges that under these circumstances, the dual protests should be deemed by the court as parts of a single protest. However, I can discern no basis in the statute for the Customs Service or the Customs Court to deem separate protests as parts of a single protest, except where the separate protests are filed by *different authorized persons*,[2] which is not the situation here.

The other exception to the one protest per entry rule in section 1514(b)(1), permitting the filing of separate protests *where an entry covers merchandise of different categories*, has no applicability in this case, since the dual protests covering each of the entries sought to be severed concern merchandise of the same category, viz., jackets. The fact that the first and second protests challenge different administrative decisions (e.g., classification and appraisement) does not bring the dual protests within the exception in section 1514(b)(1) for separate protests covering different categories of merchandise. Thus, in *Minox* this court observed with reference to the one protest per entry rule (77 Cust. Ct. at pages 110–11):

> Plainly, the intent of section 1514(b)(1) is to require an importer to present all claims arising out of the liquidation of any entry in a single protest, unless there are different categories of merchandise in the entry, in which event a separate protest may be filed for each category. * * *
>
> *     *     *     *     *     *     *
>
> * * * Nevertheless, it should be emphasized that where, as here, separate protests are filed involving the entry, the plaintiff must comply with the statutory prerequisite that *separate categories* of merchandise be covered by *each* protest. [Emphasis in original.]

In addition to *Minox*, the Customs Court has considered the one protest per entry rule in: *A & A Trading Corp.* v. *United States*, Court No. 74–3–00615; and *Mansubco, Inc.* v. *United States*, Court No. 74–

---

[2] See also 19 C.F.R. § 174.15 covering: "Consolidation of protests filed by *different parties*" (emphasis added). To the extent that this regulation may be literally read to authorize a *single party* to file multiple protests relating to one category of merchandise covered by an entry, the regulation contravenes the express terms of 19 U.S.C. § 1514(b)(1). The statute is clear that separate protests relating to one category of merchandise may be deemed part of a single protest only where they are filed by *different authorized persons*. Moreover, the court cannot retroactively reconstruct the separate manner in which the protests covered by this action were administratively processed. Rather, the court must deal with the jurisdictional issue in light of the fact that two protests were filed and each protest was treated administratively as separate.

124

8–02256. In these two cases, defendant moved to dismiss the actions as to certain entries respecting which multiple protests had been filed. In *A & A Trading Corp.*, an order was signed on February 26, 1975 granting defendant's motion to sever and dismiss, while in *Mansubco, Inc.*, an order was signed on March 27, 1975 denying defendant's motion to dismiss.[3] A review of the official papers in those two cases discloses that there, unlike the present case, the multiple protests were filed on different dates. Nevertheless, in my view, the statutory proscription of multiple protests is applicable, irrespective of whether such protests were filed consecutively on the same date, as here, or on different dates. Consequently, I arrive at and follow the same decision in the present case as determined by the court in *A & A Trading Corp.*

In essence, pursuant to 19 U.S.C. § 1514(b)(1) only one protest may be filed for each entry covering the same category of merchandise. Filing a protest in compliance with section 1514(b)(1) is an imperative of this court's jurisdiction because of 28 U.S.C. § 1582(c), which provides: "The Customs Court shall not have jurisdiction of an action unless * * * a protest has been filed as prescribed by section 514 of the Tariff Act of 1930, as amended [19 U.S.C. § 1514] * * *". Here, I find that plaintiff, through the same attorneys, filed two separate protests respecting each of the entries sought to be severed by defendant, and that each of the protests encompasses one and the same category of merchandise. Plaintiff does not contend, and I do not find, that either of the two statutory exceptions to the one protest per entry rule is applicable herein. Neither the consecutive filing of the dual protests on the same date, nor the subsequent abandonment of the civil action covering the first protests, will serve to authorize the filing of the dual protests. Thus, plaintiff has disregarded the plain meaning of section 1514(b)(1), which limits an importer to filing one protest to contest all administrative decisions arising out of an entry comprising one category of merchandise.

Plaintiff had two permissible courses of action: a single protest could have contested both the classification and the appraisement of the merchandise in each of the entries; or the first protests could have been amended in accordance with the statutory and regulatory requirements to include both the classification and appraisement issues. But for whatever reason, plaintiff utilized neither of those permissible courses of action. Rather, plaintiff filed dual protests respecting each of the entries and thereby attempted to maintain two proceedings for the potential of refund duty on each entry. In view of the explicit

---

[3] These orders were issued without opinion and are not reported. Additionally, in *Intercontinental Fibres, Inc.* v. *United States*, Court No. 74–9–02535, defendant's motion to dismiss was granted in an unpublished order without opinion, signed on April 24, 1975; but that order was subsequently vacated without prejudice to defendant, and the case suspended under *Webcor Electronics* v. *United States*, Court No. 73–1–00175, by an order signed on July 8, 1975.

statutory proscription of multiple protests, obviously plaintiff's second protests were improperly filed. The construction of the one protest per entry rule in section 1514(b)(1) urged by plaintiff would amount to nothing less than a judicial rewriting of the statute—and I reject such construction. Accordingly, it is hereby

ORDERED that the instant civil action be severed and dismissed as to the merchandise covered by entry numbers 314062 and 154009; and it is further

ORDERED that the time within which defendant must answer plaintiff's complaint in this action is extended to and including 30 days after this order is entered.