(C.D. 4789)

AMERICAN BOSCH, DIV. OF AMBAC IND., INC. v. UNITED STATES

Court No. 75-5-01230

(Dated February 21, 1979)

*Baker & McKenzie* (*Bruce H. Jackson* and *William D. Outman II*, of counsel) for the plaintiff.

*Barbara Allen Babcock*, Assistant Attorney General (*Sheila N. Ziff*, attorney), for the defendant.

BOE, Judge: Plaintiff has moved for judgment on the pleadings pursuant to rule 4.9 of this court, and the defendant has cross-moved to dismiss the above-entitled action for lack of jurisdiction. Despite plaintiff's presentation of a potentially meritorious argument on the merits of its claim, the presence of certain procedural defects going to the heart of this court's jurisdiction requires that the defendant's cross-motion to dismiss be granted.

The merchandise in issue, fuel injection pumps, was entered at the Port of Boston on December 29, 1971, under entry No. 01872. This entry was liquidated on May 10, 1974. On August 5, 1974, plaintiff filed protest No. 04014000469 (hereinafter protest '69) which contested the imposition of the 10 percent surcharge upon entry 01872 pursuant to Presidential Proclamation 4074, TSUS, item 948.00. This protest was denied on March 24, 1977. No civil action was commenced in this court to contest this denial.

However, on August 5, 1974, plaintiff also filed protest No. 04014000470 (hereinafter protest '70) to contest Customs' denial of a reduction in the dutiable value of the merchandise contained in entry 01872, pursuant to TSUS item 807.00. This protest, which made no mention of either protest '69 or the plaintiff's surcharge claim, was denied on November 18, 1974. Thereafter, on May 15, 1975, plaintiff filed the instant civil action to contest the denial of protest '70.[1]

---

[1] Plaintiff's summons and subsequent complaint in the instant action contests three administrative decisions:

(1) Customs' imposition of the 10 percent surcharge upon the instant merchandise which was entered on Dec. 29, 1971, by reason of the fact that Presidential Proclamation 4098 repealed Proclamation 4074 and the surcharge on all merchandise entered for consumption on or after Dec. 20, 1971.

(2) Customs' refusal to accord American goods returned treatment under item 807.00 to the merchandise, and

(3) The addition by customs of 7.4 percent to the invoice unit values to reflect currency fluctuations.

The plaintiff's motion for judgment on the pleadings concerns solely its first claim relating to the imposition of the surcharge. This claim was not, however, the subject of protest '70, which forms the basis for this civil action. The plaintiff's third claim in this action, relating to certain percentage additions in the appraised value to reflect currency variations, in fact never has been the subject of an administrative protest.

By the requisite conditions imposed in 28 U.S.C. 1582(c), this court lacks jurisdiction over an action unless a valid protest has been filed in accordance with 19 U.S.C. 1514 providing in pertinent part:

> \* \* \* *Only one protest may be filed for each entry of merchandise,* except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. In addition, separate protests filed by different authorized persons with respect to any one category of merchandise that is the subject of a protest are deemed to be part of a single protest. \* \* \* [Italic added.] (19 U.S.C. 1514(b)(1).)

Plaintiff urges, however, that in the enactment of the Customs Courts Act of 1970 and the afore-quoted section in particular, Congress intended to permit the filing of multiple protests with respect to a single entry of merchandise. Predicated upon this premise, it further contends that protest '69 and protest '70 were filed concurrently thereby allowing the claims set forth therein to be deemed part of a single protest and, accordingly, the subject of the instant action.

The congressional intent to authorize the filing of multiple protests, the plaintiff argues, is evidenced by the language contained in section 1514 afore-quoted providing that a protest *"may be* filed." Counsel distills from this language the theory that the permissive connotation of the word "may" sanctions the repeated and/or multiple filing of protests to an individual entry.

The argument of counsel, however, would appear to lack in persuasiveness what it possesses in ingenuity. This court is unable to reach the conclusion which the plaintiff seeks to establish. The statutes relating to the institution of civil actions in this court are clear and unambiguous. The intent of Congress, accordingly, can and must be determined therefrom. Indeed, the word "may" as used in 19 U.S.C. 1514 is permissive in character. However, the term relates solely to the privilege to exercise the right, if so desired, to file a protest to the administrative decisions of customs. If an election is made to dispute one or more administrative decisions with respect to a single entry of merchandise, section 1514 is manifestly clear in requiring that the contest of such administrative decisions must be contained in one protest, except:

1. Where the entry covers merchandise of different categories.
2. Where separate protests are filed by different authorized persons.

Since neither of the foregoing exceptions is applicable in the instant action, only one protest could be validly filed with respect to the single entry of merchandise herein, No. 01872.

This court has held in prior decisions that only the first protest filed with respect to an entry of merchandise is valid under the provisions of 19 U.S.C. 1514(b)(1). See for example, *Ross Togs, Inc.* v.

*United States*, 79 Cust. Ct. 119, C.D. 4722 (1977); *cf. Ataka America, Inc.* v. *United States*, 79 Cust. Ct. 135, C.D. 4724 (1977). However, since protest '69 and protest '70 were filed on the same day and at the same time, the plaintiff questions the sequence in which the respective protests were stamped and numbered. Plaintiff has made no showing that any administrative irregularity existed or that proper administrative procedure precluded the acceptance and numbering of the respective protests presented for filing. On the contrary, the plaintiff has offered no explanation as to the reason why the two protests were filed concurrently. Nor, in seeking to contest additional administrative decisions, has the plaintiff offered any explanation as to why amendments were not made in conformity with 19 U.S.C. 1514(b)(1), providing in pertinent part:

> * * * A protest may be amended, under regulations prescribed by the Secretary, to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest, in the form and manner prescribed for a protest, any time prior to the expiration of the time in which such protest could have been filed under this section. * * *

Protest '69 administratively having been designated the first and thereby the only protest validly filed, protest '70 and its denial upon which the summons and complaint herein are specifically predicated cannot confer jurisdiction upon this court.

Notwithstanding the foregoing, even were it to be assumed that protest '70 had been validly filed, it, nevertheless, could not serve as a basis for the exercise of jurisdiction by this court in the above-entitled action and the plaintiff's motion for judgment on the pleadings since the claim relating to an invalid imposition of a surcharge was not contained therein. See for example, *Chas. Kurtz Co.* v. *United States*, 57 Cust. Ct. 84, C.D. 2734 (1966); *cf. Green Giant Co.* v. *United States*, 79 Cust. Ct. 61, C.D. 4715 (1977).

Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiff's motion for judgment on the pleadings is denied, and it is further

ORDERED that the defendant's cross-motion to dismiss the above-entitled action for lack of jurisdiction is granted and the above-entitled action be and is hereby accordingly dismissed.