**Slip Op. 04-99**

**United States Court of International Trade**

| |
|---|
| ALCAN ALUMINUM CORPORATION<br><br>              Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>              Defendant. |

Before: Pogue, Judge

Court No. 01-00095

[Defendant's motion to dismiss denied.]

Decided: August 9, 2004

Lawrence A. Salibra, II and Elisa P. Pizzino, for Plaintiff.

Peter D. Keisler, Assistant Attorney General, Barbara S. Williams, Attorney in Charge, International Trade Field Office, James A. Curley, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Yelena Slepak, Of Counsel, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, for Defendant.

**OPINION**

**Pogue, Judge:** Plaintiff Alcan Aluminum Corporation ("Alcan")

seeks to invoke the Court's jurisdiction under 28 U.S.C.

§1581(a)(2000)[1] to contest the denial of its administrative

---

[1]Because Alcan filed its summons in 2001 (Summons of Alcan at 2), the Court will refer to the 2000 versions of the statutes or regulations. The Court acknowledges, however, that because the events related to this action took place over an extended period of time, various versions of each of the statutes and regulations involved may apply. Accordingly, the Court has reviewed the versions from 1994 until the present and found that no amendments affecting the outcome of this case have occurred.

protest.[2]  See Compl. of Alcan at paras. 1, 20.  Defendant United

States Bureau of Customs and Border Protection[3] ("Customs") moves

to dismiss this action for lack of subject matter jurisdiction,

alleging that Alcan failed to timely file its protest and to comply

with the procedural requirements for filing this lawsuit.

Because the Court concludes that the subject protest and this

lawsuit were properly and timely filed, the Court has jurisdiction

---

[2]On February 10, 1995, Alcan filed a second administrative
protest.  See Compl. of Alcan at paras. 12, 13.  This second
protest is not properly before the Court for two reasons: first,
although it is discussed in the complaint, it is not mentioned in
the summons in this action. See id.; Summons of Alcan at 1.
Second, the February 10 protest appears to cover the same
entries as the first; however, 19 U.S.C. § 1514(c)(1) permits
only a single protest for any given entry or set of entries.  See
19 U.S.C. § 1514(c)(1).  In its complaint, Alcan alleged that the
first protest covered entries made at the port of Detroit,
Michigan, while the second protest covered entries made at the
port of Ogdensburg, New York.  See Compl. of Alcan at paras. 12,
13.   However, Alcan now concedes that the two protests cover the
same entries.  See Letter from Lawrence A. Salibra, II, Senior
Counsel, Alcan Aluminum Corp., to Honorable Donald C. Pogue, Ct.
Int'l Trade, at 3 (June 18, 2004)("June 18 Letter").  Because 19
U.S.C. § 1514(c)(1) precludes the filing of two protests relating
to the same entries and the same category of merchandise, "[t]o
effectuate the Congressional intent in the one protest per entry
rule. . .only the first protest received by Customs for filing
may practically be treated as valid." Russ Togs, Inc. v. United
States, 79 Cust. Ct. 119, 122 (1977) (emphasis in original).
Therefore, the Court will not address the second protest, dated
February 10, 1995.

[3]Effective March 1, 2003, the United States Customs Service
was renamed the United States Bureau of Customs and Border
Protection.  See Homeland Security Act of 2002, Pub. L. No. 107-
296 § 1502, 2002 U.S.C.C.A.N. (116 Stat.) 2135, 2308;
Reorganization Plan Modification for the Department of Homeland
Security, H.R. Doc. No. 108-32, at 4 (2003).

under 28 U.S.C. § 1581(a); therefore, for the reasons explained below, Defendant's motion to dismiss is denied.

## BACKGROUND

This dispute began with Alcan's December 24, 1992, voluntary disclosure informing Customs that it did not pay the Merchandise Processing Fee ("MPF") on imports of unwrought aluminum products entered into the United States before 1993.[4]  See Def.'s Mem. Supp.

---

[4]Facts related to Alcan's voluntary disclosure are contained in Alcan's protest to Customs.  That protest consisted of several documents ("Protest Package"): a copy of Customs Form 19, as filled out by Alcan (and later marked on and stamped by Customs), a letter dated February 6, 1995, elaborating upon the reasons for the protest, and several exhibits to that letter. See Protest Package, Ex. 1 to Letter from James A. Curley, Trial Attorney, to the Hon. Donald C. Pogue, Ct. Int'l Trade (May 4, 2004) ("Def.'s Supp. Br. Letter"). In the explanatory letter which formed part of the Protest Package, Alcan stipulated that the protested entries were of unwrought aluminum products imported from Canada between January 1, 1989 and December 31, 1992.  See Letter from Rufus E. Jarman, Jr., Barnes, Richardson & Colburn, to Dist. Dir. of Customs, United States Customs Service (February 6, 1995)("February 6 Letter"), Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at 2 (May 4, 2004).
The exhibits to the February 6 Letter are labeled A, B, and C.  See February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at Exs. A-C. (May 4, 2004).  Exhibit A is a letter from Customs to Alcan, dated October 18, 1994.  See Letter from Charles J. Reed, Fines, Penalties & Forfeitures Officer, U.S. Customs Service, on behalf of William D. Dietzel, Dist. Dir., to Peter Shea, Alcan Aluminum Ltd. ("October 18 Letter"), Ex A. to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004).  Exhibit B consists of a letter from Customs to Barnes, Richardson & Colburn, dated November 17, 1994. See Letter from Charles J. Reed, Fines, Penalties & Forfeitures Officer, on behalf of William D. Dietzel, Dist. Dir., United States Customs Service, to Rufus E. Jarman, Barnes, Richardson & Colburn (November 17, 1994)("November 17 Letter"), Ex. B. to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br.

Mot. Dismiss at 1-2 ("Def.'s Mot."); Compl. of Alcan at para. 4.

In response to Alcan's disclosure, on October 18, 1994, Customs

requested that Alcan remit $378,496.53 to satisfy its obligation to

pay the MPF.  See October 18 Letter; Compl. of Alcan at para. 5.

Alcan paid the requested amount to Customs on or about November 11.

See Compl. of Alcan at para. 6.  Customs accepted Alcan's tender

and issued a receipt for the same on November 15, 1994.  See

Receipt.

Recognizing a dispute between them regarding payment of MPF,

on December 12, 1994, Alcan and Customs entered into an escrow

agreement.  See Agreement; Compl. Of Alcan at para. 8.  Under that

Agreement, Customs agreed to refund the tendered MPF with "interest

as may be required by law," if it was later determined upon

resolution of a designated test case that the tendered amount was

not owed.  See Agreement at paras. 1-2.[5]

_____

Letter (May 4, 2004).  In addition, attached to the November 17
Letter is a Customs receipt memorializing acceptance of
$378,496.53 paid by Alcan.  See Collection Receipt from U.S.
Customs Service to Alcan Aluminum Corp.(November 15,
1994)("Receipt"), Attachment to Ex. B to February 6 Letter,
Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004).
Finally, Exhibit C is the escrow agreement executed by Alcan and
Customs, dated December 12, 1994 ("Agreement").  Agreement, Ex.
C. to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp.
Br. Letter (May 4, 2004).

[5]In an amendment to the Agreement, the parties designated
Alcan Aluminum Corp. v. United States, 21 CIT 1238, 986 F. Supp.
1436 (1997), as the test case.  See Amend. To Agreement, Ex. 1 to
Letter from Elisa P. Pizzino, Alcan Aluminum Corp. To Hon. Donald
C. Pogue, Ct. Int'l Trade (May 3, 2004) ("Pl.'s Supp. Br.
Letter").  In that case, Alcan contested the MPF imposed by

Subsequent to the Agreement, on February 8, 1995, Alcan filed an administrative protest. See Def.'s Mot. at 2; Compl. of Alcan at para. 12. Alcan protested Customs' "assessment and [Alcan's] payment. . .of $378,496.53 for Merchandise Processing Fee." February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at 1 (May 4, 2004). In addition, Alcan protested the "possibility of contingencies not anticipated in the Agreement or unanticipated frustration" of the same. Id. at 3. Finally, Alcan protested "Customs' decision to accept [Alcan's] tender[]" relating to the pre-1993 entries. See id. at 1-2. Despite these objections, Alcan requested that Customs refrain from taking action

---

Customs on imports of unwrought aluminum that entered the United States during 1993. See Test Case Summons of Alcan (Court No. 94-09-00539 at 1-4 (Sept. 14, 1994) (on file with Court). Customs imposed the MPF rate required for "goods not originating in the territory of Canada." See Alcan Aluminum Corp, 21 CIT at 1238-39, 996 F. Supp. at 1437-38. This rate was imposed because Alcan's merchandise contained a small amount of a non-Canadian additive in addition to Canadian materials. Id.

But for this additive, Alcan's merchandise would have been classified as "goods originating in Canada." Id. at 1239, 986 F. Supp. at 1438. Alcan argued that the additive should have been disregarded pursuant to the doctrine of de minimis non curat lex., and its imported merchandise classified as "goods originating in Canada" that qualified for the reduced MPF rate under the United States-Canada Free Trade Agreement Implementation Act of 1988. Id. at 1240, 986 F. Supp. at 1438-1439. However, the Court of International Trade affirmed Customs' assessment of the higher rate. Id. at 1247, 986 F. Supp. at 1444. Thereafter, Alcan appealed the decision of the Court of International Trade to the Federal Circuit, which reversed the Court of International Trade decision. See Alcan Aluminum Corp. v. United States, 165 F.3d 898 (Fed. Cir. 1999); see also discussion infra pp. 5-6.

on the subject protest until after resolution of the test case. See id. at 3.

Ruling in that test case, on January 5, 1999, the United States Court of Appeals for the Federal Circuit reversed the decision of the Court of International Trade, and held that the non-Canadian additive in the subject imports was subject to the principle of de minimis non curat lex, and that, therefore, the imported merchandise was of Canadian origin. See Alcan Aluminum Corp. v. United States, 165 F.3d 898, 905 (Fed. Cir. 1999). Because the parties previously agreed that the decision in this case would control the handling of the pre-1993 entries (See Agreement, Ex. C to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at 1 (May 4, 2004); Amend. to Agreement, Ex. 1 to Pl.'s Supp. Br. Letter (May 3, 2004)), in February, 2000, Customs refunded the tendered MPF to Alcan for those entries.[6] See Def.'s Mot. at 2; Compl. of Alcan at paras. 16, 23. However, Customs failed to remit to Alcan the "interest as may be required by law," as outlined in the Agreement. See Agreement, Ex. C to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br.

---

[6]There is a discrepancy regarding the actual date in February, 2000, that Customs refunded the MPF. Alcan asserts that Customs refunded the MPF on February 7, 2000. See Compl. of Alcan at paras. 16, 23. However, a handwritten notation made by a Customs officer on the Protest Form indicates the money was refunded on February 14, 2000. See Protest Form, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004). This noted discrepancy has no effect on the Court's decision regarding whether jurisdiction is proper in this Court.

Letter at 1-2 (May 4, 2004).; Def.'s Mot. at 2; Compl. of Alcan at paras. 17, 23.

In response to Customs' action, on September 11, 2000, Alcan filed a request for accelerated disposition of its February 8, 1995 protest. See Compl. of Alcan at para. 18; Letter from F.D. "Rick" Van Arnam, Jr., Barnes, Richardson & Colburn, to Port Dir., Customs, Re: Protest Number 3801-95-100775, Date Filed: February 8, 1995 (Sept. 11, 2000) and Certified Mail Receipt for Article Sent from Alcan Aluminum Corp. to Port Dir., Customs (Sept. 11, 2000), Ex. B to June 18 Letter. The protest was denied by Customs on September 27, 2000. See Compl. of Alcan at para. 19; Protest Form (as marked and stamped by Customs), Protest Package, Ex. 1 Def.'s Supp. Br. Letter (May 4, 2004). On March 23, 2001, Alcan filed its Summons, and thereby commenced this action to recover the interest accrued on the refunded MPF. See Summons of Alcan at 2. As noted above, Defendant Customs now moves to dismiss for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Alcan seeks to invoke the Court's jurisdiction under 28 U.S.C. § 1581(a). Compl. of Alcan at para. 1. Accordingly, Alcan has the burden of establishing the basis upon which jurisdiction lies in this Court. See Juice Farms, Inc. v. United States, 68 F.3d 1344, 1345 (Fed. Cir. 1995) (citation omitted). Because Customs' motion to dismiss challenges "the sufficiency of the pleadings," and not

the factual basis underlying the same, the Court will accept all facts alleged in Alcan's pleadings as true. <u>Corrpro Cos. v. United States</u>, slip op. 03-59, at 4 (CIT June 4, 2003).

## DISCUSSION

Customs contends that the Court lacks subject matter jurisdiction under § 1581(a) because Alcan's protest and this lawsuit were untimely filed. <u>See</u> Def.'s Mot. at 3-4.[7] Accordingly, the Court will first discuss the timeliness of the protest, and then will discuss the timeliness of this action.[8]

---

[7]Alcan argues that Customs cannot challenge the Court's jurisdiction in this action because the Court exercised jurisdiction in the test case. <u>See</u> Pl.'s Stat. in Opp'n to Mot. to Dismiss at 1-2 ("Pl.'s Opp'n"). Alcan argues that the instant action was commenced to enforce the Stipulated Judgment in the test case, and thus jurisdiction is proper because of the Court's continuing jurisdiction and power to enforce the same. <u>See</u> <u>id.</u> at 3-4. However, the Stipulated Judgment, and the test case itself, involved entries made during 1993. <u>See</u> Test Case Summons of Alcan (Court No. 94-09-00539); Schedule A to Stip. J., Ex A. to Pl.'s Opp'n. This action covers pre-1993 entries. <u>See</u> Protest Form, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter; Summons of Alcan at 1. Therefore, because this case and the test case cover different entries, this action is not an instrument to enforce the Stipulated Judgment entered in the test case, and thus the Court's jurisdiction to enforce that judgment has no bearing procedurally on the case at bar.

[8]The Court's opinion will not address any issue pertaining to the merits of this case. Specifically, this opinion will not address Alcan's argument that Customs was required by 19 U.S.C. § 1505 to pay interest on the refunded monies. <u>See</u> Compl. of Alcan at para. 35. The effect of that statute, if any, as well as all other questions pertaining to whether Alcan may obtain the relief its seeks from the subject protest, will be considered and analyzed after both parties have briefed this case on the merits.

**A.    The Subject Protest was Timely Filed**

Alcan asserts that the Court has jurisdiction over this case under 28 U.S.C. § 1581(a), which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest [by Customs]. . . ." See Compl. of Alcan at para. 1; 28 U.S.C. § 1581(a).  However, in order to invoke the Court's jurisdiction under § 1581(a), a civil action must be based on the denial of a valid protest filed in accordance with 19 U.S.C. § 1514.  See Koike Aronson, Inc. v. United States, 165 F.3d 906, 908-909 (Fed. Cir. 1999).  Title 19 U.S.C. § 1514 contains, among other things, the statutory requirements for a timely protest. See 19 U.S.C. § 1514.

For a protest to be valid within the meaning of section 1514, an importer must file its protest within ninety days after the protested decision. See 19 U.S.C. § 1514(c)(3).[9]  Without a timely filed protest, the Court lacks jurisdiction.  See Castelazo & Assocs. v. United States, 126 F.3d 1460, 1461 (Fed. Cir. 1997). Accordingly, the Court will now analyze whether the subject protest conforms to the requirements outlined in section 1514.

---

[9]Under section 1514(c)(3), to be valid, a protest must be filed "within ninety days after but not before . . . (A) a notice of liquidation or reliquidation, or . . . (B) the date of the decision as to which protest is made."  19 U.S.C. § 1514(c)(3). In this action, the parties agree that the subject protest does not contest specific liquidations. See Def.'s Mot. at 3; February 6 Letter at 1.  Therefore, subsection (B) of section 1514(c)(3) is applicable here.

Specifically, Alcan's objections will be analyzed to determine whether such objections were made within the requisite ninety-day statutory period.  See 19 U.S.C. § 1514(c).

In its protest, Alcan essentially objected to three separate determinations.  See February 6 Letter at 1-3.  It objected to Customs' assessment and its own payment of the MPF, any "unanticipated frustration" of the Agreement, and Customs' acceptance of Alcan's tendered MPF.  Id.  The Court will discuss all three objections in turn.

First, Alcan protested Customs' assessment and its own payment of the MPF.[10]  See id. at 1.  Customs assessed the MPF pursuant to 19 C.F.R. 162.74(h), and, in its letter dated October 18, 1994, demanded the amount of $378,496.53 as payment of the MPF.  See Compl. of Alcan at para. 5; October 18 Letter, Ex. A to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004).  Alcan tendered the same on November 11, 1994.  See Compl. of Alcan at para. 6.  Alcan filed its protest on February 8, 1995, one hundred and thirteen days after Customs' October 18, 1994 demand.  See Protest form (as stamped by Customs), Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004); Compl. of Alcan at

_____

[10]Insofar as Alcan protests its own payment of tender, that protest is invalid. Under 19 U.S.C. § 1514(a), only "decisions of the Customs Service" may be the subject of an administrative protest. 19 U.S.C. § 1514(a).  While Customs' demand of payment and acceptance thereof may be termed "decisions" of the Customs Service, Alcan's payment of tender cannot.

para. 12; see also Def.'s Mot. at 3.  Therefore, because Alcan's protest of Customs' assessment was not filed within ninety days following Customs' demand, the protest of Customs' assessment of the MPF was untimely.

Second, with respect to the "unanticipated frustration" objection, Alcan protested the "possibility of contingencies not anticipated in the Agreement." February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at 3 (May 4, 2004).  According to 19 U.S.C. § 1514(c)(3), "[a] protest . . . shall be filed with the Customs Service within ninety days after but not before . . . the date of the decision as to which protest is made." (emphasis added).  19 U.S.C. § 1514(c)(3).  The protest was filed on February 8, 1995.  See Protest Form (as stamped by Customs), Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004); Compl. of Alcan at para. 12.  Customs refunded Alcan's tender without interest in February, 2000.[11]  See Compl. of Alcan at paras. 16, 17.  Therefore, even if Customs' nonpayment of interest were categorized an "unanticipated frustration" of the Agreement, Alcan filed its protest before Customs' nonpayment of interest.  Accordingly, the protest as to this determination was untimely.  See 19 U.S.C. § 1514(c)(3); see also A.N. Deringer, Inc. v. United States, 12 CIT 969, 972, 698 F. Supp. 923, 925 (1988)(protest was rendered invalid

---

[11]For discussion regarding exact date Customs refunded the MPF, see supra note 6.

because it was prematurely filed one day before Customs' decision and also violated the one-protest-per-entry rule).

Third, Alcan protested "Customs' decision to accept . . . [its] tender[]. . .[of the MPF]."  February 6 Letter at 1-2.  This decision occurred on November 15, 1994.[12]  Thus, the protest was filed on the eighty-fifth day following Customs' acceptance of Alcan's tender of the MPF.  Because the protest was filed within the ninety-day period prescribed by section 1514(c)(3), Customs' acceptance of the MPF was timely protested.

Accordingly, the subject protest is valid as to Customs' decision to accept Alcan's of payment, because the protest was filed within ninety days of that decision.

**B.    This lawsuit was timely filed.**

Notwithstanding a valid protest, this action must be dismissed unless it was timely filed with the court.  See 28 U.S.C. § 2636(a).  Specifically, under 28 U.S.C. § 2636(a)(1), "[a] civil action contesting the denial. . .of a protest. . .is barred unless

_____

    [12]Alcan identifies November 17, 1994 as the date upon which Customs accepted its tender.  See February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter at 1 (May 4, 2004). This date is based on a letter it received from Customs, dated November 17, 1994, which enclosed the receipt for the tender. See November 17 Letter, Ex. B to February 6 Letter, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004). However, the receipt is dated November 15, 1994, which indicates that Customs' acceptance of Alcan's tender occurred on November 15th rather than on November 17th.  See Receipt, Attach. to November 17 Letter, Ex. B to February 6 Letter, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004).

commenced. . .within one hundred and eighty days after the date of mailing of notice of denial of a protest[.]" Id. The trigger date for the one hundred and eighty day period is the date of mailing, not the date of Customs' decision. See Knickerbocker Liquors Corp. v. United States, 78 Cust. Ct. 192, 194, 432 F. Supp. 1347, 1349 (1977). However, Customs regulations provide that, "[f]or purposes of . . .[19 U.S.C. § 1515(a)[13]], the date appearing on such notice shall be deemed the date on which such notice was mailed." 19 C.F.R. § 174.30(a).

As previously stated, the protest in this case was filed on February 8, 1995. See Protest Form; Compl. of Alcan at para. 12. Alcan filed a request for accelerated disposition on September 11, 2000,[14] as evidenced by the date on the Certified Mail Receipt. See

---

[13]Title 19 U.S.C. 1515(a) describes Customs' own time limitations for reviewing and denying protests of Customs determinations. See 19 U.S.C. 1515(a). It urges Customs to review and either allow or deny all protests within two years, but Customs' failure to abide by this limitation does not work a constructive denial. Knickerbocker Liquors Corp., 78 Cust. Ct. at 193-194, 432 F. Supp. at 1349.

[14]Customs did not deny the subject protest within the two year period prescribed by section 1515(a). See Protest Form (as marked and stamped by Customs), Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004). To expedite disposition of its protest, Alcan was permitted to file a request for accelerated disposition "any time after ninety days following the filing of. . .[its] protest." 19 U.S.C. § 1515(b). After such filing, Customs then had thirty days in which to render a decision. Id. If Customs had failed to render a decision within that thirty day period, the protest would have been denied by operation of law. Id. However, in this case, Customs denied the subject protest within the time prescribed by section 1515(b). See Protest Form, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter (May 4, 2004).

Certified Mail Receipt for Article Sent from Alcan Aluminum Corp. to Port Dir., Customs (Sept. 11, 2000), Ex. B. to June 18 Letter. Customs then denied the protest on September 27, 2000. See Protest Form, Protest Package, Ex. 1 to Def.'s Supp. Br. Letter. No evidence has been provided to show that the date of mailing is different from the date stamped on the notice of denial. Therefore, the Court concludes that September 27, 2000 was the date that triggered the one hundred and eighty day filing period.

On March 23, 2001, Alcan filed its summons. See Summons of Alcan at 2. The expiration of the one hundred and eighty day period was March 26, 2001. Therefore, because this action was filed within the requisite limitation period, the Court has jurisdiction under 28 U.S.C. § 1581(a) to hear the merits of this case.

## CONCLUSION

Because the protest before the Court was timely filed with regards to Customs' acceptance of Alcan's tender of the MPF, the protest is valid at least with regard to that challenged determination. Moreover, this lawsuit was filed within the time

---

While 19 C.F.R. § 174.30(a), stating that the date of denial shall be deemed the date of mailing, refers only to notices of denial under section 1515(a), Customs' active denial of Alcan's protest after a request for accelerated disposition invoked section 1515(a), at least insofar as section 1515(a) requires that "[n]otice of the denial of any protest shall be mailed in the form and manner prescribed by [Customs]".

Court No. 01-00095                                          Page 15

prescribed by 28 U.S.C. § 2636(a).  Accordingly, jurisdiction is

proper in the Court under 28 U.S.C. § 1581(a) and Customs' motion

to dismiss is denied.


                                    /s/Donald C. Pogue
                                    Donald C. Pogue,
                                         Judge


Dated:           August 9, 2004
                 New York, New York

ERRATUM


Please make the following change to <u>Alcan Aluminum Corp. v. United States</u>, Slip Op. 04-99, August 9, 2004, Court No. 01-00095:

On page 12, third paragraph, second line: after "Alcan's," delete "of."

August 10, 2004

ERRATUM


Please make the following change to <u>Alcan Aluminum Corp. v. United States</u>, Slip Op. 04-99, August 9, 2004, Court No. 01-00095:

On page 7, continuing to page 8, the last sentence,

Because Customs' motion to dismiss challenges "the sufficiency of the pleadings," and not the factual basis underlying the same, the Court will accept all facts alleged in Alcan's pleadings as true.  <u>Corrpro Cos. v. United States</u>, slip op. 03-59, at 4 (CIT June 4, 2003).

should be deleted and replaced with the following:

At the same time, "the Court assumes 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" <u>United States v. Islip</u>, 22 CIT 852, 854, 18 F. Supp. 2d 1047, 1051 (1998) (quoting <u>Gould, Inc. v. United States</u>, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).

August 10, 2004