### UNITED STATES CANE SUGAR REFINERS ASSOCIATION, et al., Plaintiffs

v.

### UNITED STATES, et al., Defendants.

### Court No. 88–09–00740.

United States Court of International Trade.

Oct. 6, 1988.

Wilmer, Cutler & Pickering, (A. Douglas Melamed, Robert C. Cassidy Jr. and Eric R. Markus, Washington, D.C., of counsel), for plaintiffs.

John R. Bolton, Asst. Atty. Gen., Washington, D.C. (Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office and John J. Mahon, Commercial Litigation Branch), New York City, for defendants.

Steptoe & Johnson (W. George Grandison and Stephen D. Ramsey, Washington, D.C., of counsel), for defendant intervenors Redpath Sugars, Atlantic Sugars, Ltd. and Canadian Sugar Institute.

Miller and Chevalier (Grant D. Aldonas and Homer E. Moyer, Jr., Washington, D.C., of counsel), for defendant intervenor Allen Sugar Co.

## ORDER

WATSON, Judge:

Following a motion by the government, this action was dismissed for lack of jurisdiction at a hearing held on October 4, 1988. This opinion sets out the background of the action and gives the reasons for the dismissal.

The plaintiffs are domestic producers of cane sugar and beet sugar. In April of 1988 plaintiffs petitioned the Secretary of the Treasury under Section 516 of the Tariff Act of 1930, (19 U.S.C. § 1516) to alter the classification as "edible preparations" under Item 183.05 of the Tariff Schedules of the United States ("TSUS") of certain retail-packaged blends of imported granulated or crystalline sugar and dextrose which contained 80 percent or more of sugar ("high sugar blends") and any blends of granulated or crystalline sugar and dextrose which contained approximately 65 percent sugar ("65/35 sugar blends"). The result sought by the petitioners would have the effect of removing the importations from eligibility for the 84,000 ton annual quota set by Item 958.18.

It should be noted that this dispute arises in connection with sugar, a product which, in various forms, is the subject of quotas imposed under authority of the President, either by operation of Headnote 2 of Subpart A of Part 10 of Schedule 1 of the TSUS (19 U.S.C. § 1202) or pursuant to determinations made under Section 22 of the Agricultural Adjustment Act of 1933, as amended, 7 U.S.C. § 624.

As of September 30, 1988 no action had been taken on the petitions. On that day plaintiffs obtained a temporary restraining order from this Court, based on their representations that the new 84,000 ton quota under Item 958.18 was due to open on October 1, 1988; that no action had been taken on the petitions; that an erroneous classification would allow approximately 84,000 tons of imported product to enter the United States, and that the result would be to deprive the U.S. sugar producers of revenues of approximately $50 million and thereby irreparably injure them. The Court set October 4, 1988 as the date for a hearing on the issuance of a preliminary injunction. In the interim the government filed a motion to dismiss the action which was given priority at the hearing and which resulted in the dismissal of the action.

The dismissal of this action is required because its jurisdictional basis, namely, this Court's general, residual jurisdiction of 28 U.S.C. § 1581(i) is not available for matters in which a party has an administrative remedy which must be exhausted and a specific jurisdictional basis for obtaining judicial review thereafter. *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547 (Fed.Cir. 1988). In the case of a domestic petitioner seeking to change the classification of com-

peting imported merchandise the only way to escape the necessity of exhausting the remedy provided under 19 U.S.C. § 1516 and avoiding the prescribed method of obtaining judicial review under 28 U.S.C. § 2631(b) would be to show that the normal methods are manifestly inadequate and incapable of providing meaningful relief. *U.S. Cane Sugar Refiners' Assoc. v. Block*, 683 F.2d 399, 402 n. 5 (Fed.Cir. 1982).[1]

This brings us to the crux of the jurisdictional deficiency in this case. No one can deny that the plaintiffs will be adversely affected by the continued availability of an 84,000 ton quota to a product which they claim is eligible for the quota only because of an erroneous tariff classification. But a distinction must be drawn between those injuries which arise from the manifest inadequacy of the administrative process and those injuries which arise simply because a particular administrative process was intended to have only a prospective effect and therefore allows adverse effects to occur during the pendency of the proceeding. This is a distinction between manifest inadequacy and inherent or unavoidable imperfection.

Section 516, the method by which American producers can challenge the tariff classification of competing imported merchandise clearly provides in its subsection (b), (19 U.S.C. § 1516(b)) that a decision granting a petition does not begin to affect imported merchandise until after a notice of the determination is published. This means that in all proceedings in which petitioners are seeking to change the classification of competing imported merchandise they must endure the effect of the competing imports during the pendency of the administrative proceeding. Plaintiffs' predicament, although it is dramatic because the adverse effect for an entire year is apparently achieved in one day, is, in principel, no different from that of the petitioner who might have to endure a period of proceeding during which competing importa-

tions are regularly entered, or conceivably might have to face enormous surges in the volume of the imported product during that time. In all these situations the potential for meaningful relief still exists for the period following a favorable determination and that appears to be enough to keep the administrative remedy from being manifestly inadequate.

This analysis is not intended to eliminate the possibility that in another case different facts might justify a conclusion that the normal operation of Section 516 procedures would be manifestly inadequate. Here the Court simply finds that the fact that this petition was not resolved in time to affect the first subsequent quota distribution has not demonstrated the manifest inadequacy of the petition process. For this reason, the Court's residual jurisdiction under 28 U.S.C. § 1581(i) was not properly invoked and the action had to be dismissed for lack of jurisdiction.

---

**1.** The alternative claim for jurisdiction under 28 U.S.C. § 1581(h) was entirely out of the question because standing to bring that action challenging a classification ruling prior to importa-

tion is limited in 28 U.S.C. § 2631(h), roughly speaking, to the prospective importer of the goods in dispute.