**ALLEN SUGAR COMPANY, H & R BROKERAGE DIVISION, Plaintiff,**

v.

**Nicholas F. BRADY, Secretary, United States Department of the Treasury; William Von Raab, Commissioner, United States Customs Service; United States Customs Service; and United States of America, Defendants,**

**United States Cane Sugar Refiners' Association, Defendant–Intervenor.**

**CANADIAN SUGAR INSTITUTE, Redpath Industries, Ltd., Lantic Sugar, Ltd., Plaintiffs,**

v.

**Nicholas F. BRADY, Secretary, United States Department of the Treasury; William Von Raab, Commissioner, United States Customs Service; United States Customs Service; and United States of America, Defendants.**

**Court Nos. 89–01–00020, 89–01–00021.**

United States Court of International Trade.

Decided Feb. 9, 1989.

Miller & Chevalier, Homer E. Moyer, Jr., Washington, D.C., Catherine Curtiss, New York City, and William M. McGlone, Washington, D.C., for Allen Sugar Co., plaintiff.

Steptoe & Johnson, W. George Grandison, Stephen D. Ramsey, Jay H. Reiziss and Anthony LaRocca, Washington, D.C., for Canadian Sugar Inst., Redpath Industries, Ltd., Lantic Sugar, Ltd., plaintiffs.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, John J. Mahon, for defendants.

Wilmer, Cutler & Pickering, Daniel K. Mayers, Washington, D.C., for defendant-intervenor.

## OPINION

TSOUCALAS, Judge:

The present action is before the Court on defendants' motion to dismiss for lack of

jurisdiction. Plaintiffs[1] challenge the United States Customs Service's (Customs) classification of certain sucrose/dextrose blended sweetener products under item 1701.99.00[2] of the Harmonized Tariff Schedule of the United States (HTSUS). Plaintiffs claim the Court has jurisdiction under the Court's residual jurisdiction provision, 28 U.S.C. § 1581(i)(3) and (i)(4). Defendants assert that the Court lacks jurisdiction because plaintiffs have failed to exhaust their administrative remedies.

### Background

In April of 1988, domestic sugar producers filed a petition pursuant to section 516 of the Tariff Act of 1930, *as amended,* 19 U.S.C. § 1516 (1982 & Supp. IV 1986) and 19 C.F.R. § 175.11, asking Customs to reclassify blended sweetener products from edible preparations containing sugar, item 183.05, Tariff Schedules of the United States (TSUS) and item 958.18, TSUS, to sugar subject to the limited and country specific quotas for pure sugar, item 155.20, TSUS, and item 155.60, TSUS. In the alternative, the petitioners asked Customs to reclassify the product as edible preparations under item 183.05, TSUS, and item 958.15, TSUS, so as to remove them from item 958.18, TSUS, which was under different "global" quota on imports of sugar-containing food products.[3]

Customs neither acted on the petition nor published notice in the Federal Register, as required by 19 C.F.R. § 175.21(a),[4] that the petition had been filed and that interested persons could submit comments within a specified time period.

Plaintiff Allen Sugar attempted to import shipments of sucrose/dextrose blends on January 4, 1989, but the merchandise was excluded at the port of Buffalo because it had been reclassified under item 1701.99.00, HTSUS, the corresponding provision for item 155.20, TSUS, which required a different quota certificate before entry.

On January 12, 1989, Customs issued a ruling letter reclassifying the sucrose/dextrose blends under the section for cane or beet sugar, item 1701.99.00, HTSUS, on the grounds that "mixtures consisting of different materials shall be classified as if they consisted of the material which imparts the *essential character.*" Letter Ruling 082230 (Jan. 12, 1989) (emphasis added).

Plaintiffs did not protest the classification pursuant to § 1514, but seek a preliminary injunction restraining Customs from denying entry to blended sweeteners corresponding to item 958.18, TSUS, and from classifying these products under the allegedly comparable category, item 1701, HTSUS, pending resolution of the section 516 petition. Plaintiffs claim jurisdiction is proper under 28 U.S.C. § 1581(i),[5] since un-

---

1. Oral argument was held on January 27, 1989. Because of the similarity of the issues involved, the Court will issue one opinion.

 Plaintiffs will be referred to, respectively, as "plaintiffs Canadian Sugar" and "plaintiff Allen Sugar."

2. Item 1701.99.00 reads as follows:

 Cane or beet sugar and chemically pure sucrose, in solid form:

 ....

 Other....

3. Proclamation No. 5294, 3 C.F.R. 3 (1985), of January 28, 1985, established item 958.18, TSUS, which imposed an 84,000 short ton quota on certain sugar-containing food articles including blended sweeteners imported under item 183.05, TSUS.

4. *See United States Cane Sugar Refiners Ass'n v. United States,* 12 CIT ——, 698 F.Supp. 266 (1988), the court denied jurisdiction when the domestic industry petitioners sought to compel Customs to act on the petition after several months delay. Judge Watson ruled that this court lacked jurisdiction as plaintiffs in that action brought the action prematurely.

5. Plaintiffs Canadian Sugar learned that the truckloads of blended sweeteners had been denied entry to the U.S. and that Customs indicated that it was considering classifying the blended sweeteners as pure sugar, thus rendering the products ineligible for entry under the quota for sugar-containing food articles.

 Plaintiffs Canadian Sugar brought this action to challenge Customs' decision to issue Ruling 082230, which allegedly did not comply with the statutory procedures and safeguards for importer's rights that are part of the scheme established in section 516.

 Plaintiffs were aware, prior to the attempted importation of the merchandise, of the impend-

der the circumstances of this case, the filing of a protest is inappropriate and manifestly inadequate. *Plaintiffs' [Canadian Sugar] Memorandum in Opposition to Defendants' Motion to Dismiss* at 2.

The Government claims that the section 516 petition is moot as the TSUS was repealed on January 1, 1989, and that jurisdiction under § 1581(i) is not proper because plaintiffs must first exhaust their administrative remedies by filing an administrative protest under § 1514(a). The sole issue to be determined is whether this Court has jurisdiction under § 1581(i).

### Discussion

■ It is incumbent upon a party, when challenging a classification by Customs, to first exhaust its administrative remedies. *Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1551 (Fed.Cir.1988). Exhaustion of administrative remedies is required in order to "limit judicial review of strictly administrative judgments." *Id.* A party may bypass the administrative process, however, through invocation of § 1581(i), which "grants the court residual jurisdiction of any civil action arising out of the enforcement or administration of the customs laws." *Lowa, Ltd. v. United States*, 5 CIT 81, 87, 561 F.Supp. 441, 446 (1983), *aff'd*, 2 Fed.Cir. (T) 27, 724 F.2d 121 (1984). As plaintiffs attempt to avoid this process, "fairness dictates that only the most extraordinary of circumstances would permit the invocation of jurisdiction under section 1581(i)...." *Nat'l Corn Growers*, 840 F.2d at 1557.

■ Section 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available,

unless the remedy provided under that other subsection would be manifestly inadequate." *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 773, 98 L.Ed. 2d 859 (1988) (citing *United States v. Uniroyal, Inc.*, 69 CCPA 179, 186–87, 687 F.2d 467, 475 (1982) (Nies, J., concurring)); *Lowa*, 5 CIT at 87–88, 561 F.Supp. at 446–47. The party asserting § 1581(i) jurisdiction has the burden to demonstrate the manifest inadequacy of the remedy under 1581(a). *Miller*, 824 F.2d at 963.

Plaintiffs had the opportunity to protest the exclusion of the subject merchandise and utilize the accelerated disposition procedure provided in § 1515 and 19 C.F.R. §§ 174.21–22. Section 1515(b) provides, in pertinent part, that

a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing by certified or registered mail of a request for accelerated disposition *shall be deemed denied on the thirtieth day following mailing of such request.* [Emphasis added.]

*See also* 19 C.F.R. § 174.22(d). Under this procedure, the protest would have been acted upon no more than thirty days after filing, and plaintiffs could then have sought review in this Court through § 1581(a). Plaintiffs' allegations of irreparable injury and severe harm if forced to resort to § 1581(a) are not persuasive.[6] The Court finds that implementation of the accelerated procedure would have adequately protected plaintiffs' interest. No § 1581(i) jurisdiction is found where importers could have taken steps to qualify under § 1581(a), and the remedy under that

ing change to the HTSUS and the potential classification change, but proceeded to enter into transactions which placed themselves in a precarious position with knowledge of this risk. Plaintiffs chose not to exercise their right to obtain a binding ruling from Customs prior to importation. *See American Air Parcel Forwarding Co. v. United States*, 2 Fed.Cir. (T) 1, 6, 718 F.2d 1546, 1551 (1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984).

6. Allen Sugar claims irreversible harm since other products containing sugar continue to en-

ter the U.S. daily under the 84,000 ton quota, and that pursuing the administrative protest as a pre-condition to challenging Customs actions would be devastating. Correspondingly, plaintiffs Canadian Sugar claim to have detrimentally relied on the existing classification of blended sweeteners, the availability of the 84,000 ton quota, and the established section 516 procedures assuring notice, opportunity to be heard, and 30-day grace period before reclassification. Mere allegations of financial harm, however, do not make the remedy established by Congress manifestly inadequate. *Miller*, 824 F.2d at 964.

subsection would have been adequate. *Miller*, 824 F.2d at 963 (citing *American Air Parcel*, 2 Fed.Cir. (T) at 4–7, 718 F.2d at 1549–51). The remedy available to plaintiffs was not manifestly inadequate; it was simply not sought. Consequently, plaintiffs have not met their burden.

■ Plaintiffs also claim that jurisdiction exists under § 1581(i) because of Customs' nonperformance of the statutory procedures and safeguards outlined in the regulations regarding the domestic sugar industry's section 516 petition. Specifically, that Customs never acted on the petition and never published notice in the Federal Register stating that the petition was filed, and inviting interested parties to comment. 19 C.F.R. § 175.21(a). The conversion from the TSUS to the HTSUS, plaintiffs continue, does not subvert the section 516 process that began on April 22, 1988.

While the Court cannot condone Customs' treatment of the section 516 petition, it remains that the petition involved *TSUS* classification of blended sweetener products. HTSUS classification of the same products implicates an entirely different law, The Omnibus Trade and Competitiveness Act of 1988, Pub.L. No. 100–418, 102 Stat. 1107 (1988), and whether the goods are correctly classified under the HTSUS entails a proper challenge through the administrative process, as outlined by the relevant statutes. It is, therefore, irrelevant whether Customs appropriately executed its duties regarding the section 516 petition, since the question of classification under the TSUS is not germane to the question of classification under the HTSUS in this circumstance.

Moreover, item 1701.99.00, HTSUS, is under the auspices of different guidelines which employ a different means of characterizing the merchandise. The present guideline, General Rule of Interpretation 3(b), states that the "essential character" of a blend will be the basis of its classification, rather than the product's "chief use," which was the basis under the headnote to repealed item 183.05, Schedule 1, Part 15, Subpart B, Headnote 3, TSUS. Any challenge with respect to the classification, therefore, must be effectuated within the parameters of the present statutory framework.

■ Plaintiffs are not saved by § 1211(d)(1)(A)(ii), Pub.L. No. 100–418, 102 Stat. 1107, 1154 (1988), which states that the new law does not divest the court of jurisdiction of any petition under section 516 covering articles entered before the effective date of the HTSUS. The section 516 petition here is not a viable section 516 claim since it involves a provision no longer in effect, item 183.05, TSUS, and goods to be entered after January 1, 1989.

■ Plaintiffs further contend that the instant action involves a change in quantitative restrictions, rendering § 1581(i)(3) and/or (i)(4) a proper jurisdictional grounds on that basis, and cite as support *American Ass'n of Exporters and Importers v. United States*, 7 CIT 79, 583 F.Supp. 591 (1984), *aff'd*, 3 Fed.Cir. (T) 58, 751 F.2d 1239 (1985); *United States Cane Sugar Refiners' Ass'n v. Block*, 3 CIT 196, 544 F.Supp. 883, *aff'd*, 69 CCPA 172, 683 F.2d 399 (1982). However, the cases cited by plaintiffs involve direct quantitative restrictions. The present action, on the other hand, pertains to the classification of merchandise as the primary issue, which happens to result in the merchandise being subject to a more restrictive quota. The distinction is significant as it is truly a classification question.

"[T]he existence of a specific statutory scheme, which provides for administrative and judicial review of determinations of classification and rate of duty, precludes the court from assuming jurisdiction of this action under § 1581(i)." *Lowa*, 5 CIT at 90, 561 F.Supp. at 448. Therefore, the Court's residual jurisdiction under § 1581(i) is not properly invoked and the action is dismissed.