CHERRY LANE FASHION GROUP, INC., Plaintiff,

v.

UNITED STATES; John H. Heinrich, District Director; Robert T. Henderson, Import Specialist; and Santiago Lahoz, Jr., Import Specialist, Defendants.

No. 88–08–00668.

United States Court of International Trade.

April 6, 1989.

Law Offices of Elon A. Pollack, Elon A. Pollack and Michael R. Doram, Los Angeles, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., Joseph I. Liebman, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, New York City, and James A. Curley, for defendants.

DiCARLO, Judge:

The Cherry Lane Fashion Group, Inc. (the "importer") filed a summons and complaint to contest an alleged deemed denial of an accelerated protest filed pursuant to 19 C.F.R. § 174.21(b) (1988) against a detention of women's wearing apparel to investigate a possible quota exclusion. Two days after the civil action was filed, the United States Customs Service (Customs) released the imported merchandise. Defendant now moves pursuant to Rule 12(b) of the Rules of this Court to dismiss the importer's action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

The Court finds that a protest filed pursuant to 19 C.F.R. § 174.21(b) (1988) is entitled to accelerated administrative consideration within 30 days, but violation of that time limit does not confer jurisdiction under 19 U.S.C. § 1515(b) or 28 U.S.C. § 1581(a) or (i) (1982). In the absence of jurisdiction obtained by filing a protest and subsequent denial, and in the absence of the Court's residual jurisdiction under 28 U.S.C. § 1581(i) because the importer could have utilized a procedure for accelerated disposition of a protest under 19 U.S.C. § 1515(b), the Court lacks jurisdiction to enter the requested declaratory or injunctive relief under the Administrative Procedure Act.

## BACKGROUND

The importer was the consignee of a shipment of 100% cotton singlets imported from Fiji through the port of Los Angeles on March 23, 1988. The singlets were fashioned from fabric manufactured in Hong Kong. Customs notified the importer by an undated letter that it was detaining the merchandise as of April 26, 1988 "because the admissibility of this merchandise made in Fiji is being thoroughly investigated." As authority for its detention, Customs invoked 19 U.S.C. § 1499 (1982), which provides that:

> Imported merchandise, required by law or regulations ... to be inspected, examined, or appraised, shall not be delivered from customs custody, ... until it has been inspected, examined or appraised and is reported by the appropriate customs officer to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States.

The imported merchandise was subject to quota and visa requirements if manufactured in Hong Kong, but not if manufactured in Fiji.

On May 5, 1988, the importer filed a protest against the detention, including a statement that the protest must be processed within 30 days under 19 C.F.R. § 174.21(b) (1988). After more than 30 days had elapsed, the importer filed a civil

action on August 23, 1988 (i.e., 110 days after filing the original protest), alleging jurisdiction under 28 U.S.C. § 1581(a) and (i)(3) and (4) (1982). Customs released the merchandise two days later on August 25, 1988. Duties were subsequently paid and the entries liquidated. The protest was finally acted upon and "approved" on November 15, 1988 "to the extent that the merchandise had been released." A copy of the approved protest was sent to the importer after an affidavit filed in this Court on January 13, 1989 affirmed that the importer had not received any notice regarding the disposition of its protest.

## DISCUSSION

Once jurisdiction is challenged, the plaintiff must prove that jurisdiction in this court is proper. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Dennison Mfg. Co. v. United States*, 12 CIT ——, 678 F.Supp. 894, 896 (1988); *Lowa Ltd. v. United States*, 5 CIT 81, 83, 561 F.Supp. 441, 443 (1983), *aff'd*, 2 Fed. Cir. (T) 27, 724 F.2d 121 (1984).

The importer alleges jurisdiction under 28 U.S.C. § 1581(a) (1982), which allows judicial review of Customs' denial of a protest filed pursuant to 19 U.S.C. § 1514(a)(4) (1982) relating to "the exclusion of merchandise from entry or delivery ... under any provision of the customs laws...."

The importer also alleges jurisdiction under 28 U.S.C. § 1581(i)(3) and (4) (1982), which grant the court exclusive jurisdiction over civil actions commenced against the United States, its agencies, and its officers that arise out of any federal law providing for administration and enforcement of quotas.

## I. JURISDICTION BASED ON A "DEEMED DENIAL" OF A PROTEST

The importer asserts that because its protest stated that it must be reviewed and

acted upon within 30 days under 19 C.F.R. § 174.21(b) (1988), a time-limit only applicable when invoked, the protest must be deemed to have been denied. The government argues that passage of 30 days without action does not constitute a deemed denial for jurisdictional purposes.

### a. *Jurisdiction under 28 U.S.C. § 1581(a)*

■ 19 C.F.R. § 174.21(b) (1988) states that when a protest is filed relating to the exclusion of merchandise, Customs shall review and act on the protest within 30 days. *See Arbor Foods, Inc. v. United States*, 8 CIT 355, 359, 600 F.Supp. 217, 220 (1984). Violation of the time period does not, however, assure jurisdiction in the Court of International Trade. *See American Air Parcel Forwarding Co. v. United States*, 2 Fed.Cir. (T) 1, 7, 718 F.2d 1546, 1551 (1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984) (finding no relationship between Customs' violation of a regulation and jurisdiction in the Court of International Trade).[1]

An importer may obtain judicial review on an accelerated basis by filing a protest under 19 C.F.R. § 174.22 (1988), which follows the jurisdictional route provided by Congress under 19 U.S.C. § 1515(b) to reach the court within 120 days. The statute provides:

A request for accelerated disposition of a protest filed in accordance with [19 U.S.C. § 1514] may be mailed by certified or registered mail to the appropriate customs officer any time after ninety days following the filing of such protest. For purposes of [28 U.S.C. § 1581], a protest which has not been allowed or denied in whole or in part within thirty days following the date of mailing by certified or registered mail of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such request.

---

1. Jurisdiction was alleged under 19 U.S.C. § 1515(b) and 28 U.S.C. § 1581(a) when no action was taken on a protest filed under 19 C.F.R. § 174.21(b) in *Yuri Fashions Co. v. United States*, 10 CIT 189, 190 n. 2, 632 F.Supp. 41, 43

n. 2, *aff'd*, 804 F.2d 1246 (Fed.Cir.1986), *cert. denied*, 481 U.S. 1004, 107 S.Ct. 1625, 95 L.Ed.2d 199 (1987), but jurisdiction was not challenged in that action.

19 U.S.C. § 1515(b) (1982). Under this statute, an importer may request an accelerated disposition *after* 90 days of the protest. If Customs does not act upon the request for accelerated disposition within another 30 days, the protest is deemed to be denied for purposes of 28 U.S.C. § 1581 and the importer may file an action in the Court of International Trade within 180 days. *See American Air Parcel Forwarding Co. v. U.S.*, 2 Fed.Cir. (T) 1, 6, 718 F.2d 1546, 1550–51 (1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); *Allen Sugar Co. v. Brady*, 13 CIT ——, 706 F.Supp. 49, 52 (1989).

While there is a jurisdictional "deemed denial" under 19 U.S.C. § 1515(b) for inaction under 19 C.F.R. § 174.22, there is no statutory "deemed denial" for inaction under 19 C.F.R. § 174.21(b). Furthermore, 19 C.F.R. § 174.31 (1988) explains that any person may file an action within 180 days after a protest, for which accelerated disposition was requested, is deemed to have been denied in accordance with 19 C.F.R. § 174.22(d). There is no intimation in 19 C.F.R. § 174.31, however, that violation of 19 C.F.R. § 174.21(b) constitutes a deemed denial. In contrast to the express deemed denial provision in 19 C.F.R. § 174.22(d), there is no deemed denial provision in 19 C.F.R. § 174.21(b) for violation of the 30–day time period in that regulation.

The Court finds that passage of 110 days without action on the protest filed under 19 C.F.R. § 174.21(b) (1988), although violative of Customs' 30–day regulation, does not constitute a deemed denial for jurisdictional purposes under 28 U.S.C. § 1581(a) (1982). The importer has not complied with the procedures to invest the Court with jurisdiction under 28 U.S.C. § 1581(a).

b. *Jurisdiction under 28 U.S.C. § 1581(i)*

■ 28 U.S.C. § 1581(i) is not to be used generally to bypass administrative review by valid protest and denial. *United States v. Uniroyal, Inc.*, 69 CCPA 179, 184, 687 F.2d 467, 472 (1982). The residual jurisdiction of the Court under (i) is available only when another jurisdictional basis is unavailable or the remedy provided under the other subsection is manifestly inadequate. *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988); *Allen Sugar Co. v. Brady*, 13 CIT ——, 706 F.Supp. 49, 52 (1989).

The importer's remedy is not manifestly inadequate. If Customs had not released the merchandise, the Court would have had jurisdiction under 28 U.S.C. § 1581(a) over a live action filed ten days later if a request for accelerated disposition had been made pursuant to 19 U.S.C. § 1515(b) (1982) and 19 C.F.R. § 174.22 (1988). In this case, however, no request was made under 19 U.S.C. § 1515(b) or 19 C.F.R. § 174.22 and Customs released the merchandise 112 days after the protest was filed pursuant to 19 C.F.R. § 174.21. The Court finds that it lacks jurisdiction under 28 U.S.C. § 1581(i) (1982).

The importer does state that it would have remedies available if the goods were either excluded or seized, rather than "detained." *See Milin Indus. v. United States*, 12 CIT ——, 691 F.Supp. 1454 (1988). Although the importer claims it was forced to wait without remedy at the sole discretion of Customs to act because the goods were detained, the Supreme Court recently stated that a "seizure" occurs when a thing is the object of a "detention." *Brower v. County of Inyo*, —— U.S. ——, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989) (citing *Hill v. California*, 401 U.S. 797, 802–805, 91 S.Ct. 1106, 1110–1111, 28 L.Ed. 2d 484 (1971)).

c. *Mootness*

■ Even if the Court were to have jurisdiction under 28 U.S.C. § 1581(a) or (i) to review the detention, the merchandise has since been released. The relief sought on the first and second causes of action is for an order compelling Customs to "immediately release the merchandise for entry for consumption." Complaint at 8. Because the merchandise has been released, the importer has received its requested relief and the first two causes of action are moot. *See Commercial Cable Co. v. Burleson*,

250 U.S. 360, 362–63, 39 S.Ct. 512, 513, 63 L.Ed. 1030 (1919) (suit to enjoin government's seizure of marine cable lines dismissed as moot when the lines were returned while the appeal was pending). Where one of several issues presented becomes moot, the issue is whether the remaining causes of action supply the constitutional requirement of a case or controversy. *Powell v. McCormack,* 395 U.S. 486, 497, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1968).

## II. DECLARATORY AND INJUNCTIVE RELIEF

■■■The remainder of the importer's complaint asks for declaratory and injunctive relief. The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit. *Alabama Fed'n of Labor v. McAdory,* 325 U.S. 450, 461, 65 S.Ct. 1384, 1389, 89 L.Ed. 1725 (1945).

The third and fourth counts of the complaint relate to the administration and enforcement of a quota. The fifth count requests injunctive relief against individual Customs officers to prohibit them from detaining textile products under 19 U.S.C. § 1499 where merchandise is secured by a bond.

Count three requests an order declaring application of 19 U.S.C. § 1499 as "an unlawful taking of property." Complaint at 8. Count four requests an order declaring that 19 U.S.C. § 1499 does not authorize detention of merchandise when an entry bond is posted as security. The importer states that Customs' reliance on 19 U.S.C. § 1499 is unauthorized because the statute lacks limits or guidelines as to the period or grounds of detention, and that the statute is unconstitutionally vague because it permits Customs to detain merchandise arbitrarily and indefinitely.

The importer argues that Customs acted unreasonably and without authority when it characterized its action as a "detention" and refused to act on the protest. The importer states that Customs' inaction constitutes an agency action which is reviewable under the Administrative Procedure Act, 5 U.S.C. § 702 and § 704 (1982 & Supp. V 1987).

■■■ 5 U.S.C. § 702 (Supp. V 1987) provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review...." Section 702 does not, however, afford an independent basis of subject matter jurisdiction. *Kidco, Inc. v. United States,* 4 CIT 103, 104, 1982 WL 2269 (1982). Although any person aggrieved by agency action within the meaning of 5 U.S.C. § 702 has standing to bring an action pursuant to 28 U.S.C. § 2631(i) (1982), this statute does not afford an implied grant of subject matter jurisdiction permitting judicial review of agency action. *Cheng Shin Rubber Indus. Co. v. United States,* 4 CIT 224, 229, 551 F.Supp. 684, 687 (1982) (citing *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)).

5 U.S.C. § 704 (1982) provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." Section 704 authorizes an action for review of final agency action only to the extent that other statutory procedures for judicial review are inadequate. *Federal Communications Comm'n v. ITT World Communications, Inc.,* 466 U.S. 463, 469, 104 S.Ct. 1936, 1940, 80 L.Ed.2d 480 (1984). *See also Bowen v. Massachusetts,* — U.S. —, 108 S.Ct. 2722, 2736–37, 101 L.Ed.2d 749 (1988) ("When Congress enacted the APA to provide a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies").

■■■In the absence of jurisdiction under 28 U.S.C. § 1581(a) obtained by filing a protest and subsequent denial, and in the absence of residual jurisdiction under 28 U.S.C. § 1581(i) because the importer could have utilized the procedure to obtain accelerated review under 19 U.S.C. § 1515(b),

the Court lacks jurisdiction under 5 U.S.C. §§ 702 or 704 to enter the requested declaratory and injunctive relief. The Administrative Procedure Act does not afford an implied grant of subject matter jurisdiction permitting judicial review of agency action. *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192 (1977); *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1559 (Fed.Cir.1988); *American Air Parcel Forwarding Co., Ltd. v. United States*, 2 Fed.Cir. (T) 1, 8–9, 718 F.2d 1546, 1552 (1983), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); L. Modjeska, *Administrative Law: Practice and Procedure* § 6.1, at 176 (1982).

## CONCLUSION

■ The Court has no jurisdiction over a civil action under 28 U.S.C. § 1581(a) or (i) (1982) to contest an alleged deemed denial of an accelerated protest filed under 19 C.F.R. § 174.21 (1988). In the absence of jurisdiction under 28 U.S.C. § 1581(a) obtained by filing a protest and subsequent denial, and in the absence of the Court's residual jurisdiction under 28 U.S.C. § 1581(i) because the importer could have utilized the procedure for an accelerated protest under 19 U.S.C. § 1515(b), the Court may not enter the requested declaratory or injunctive relief under the Administrative Procedure Act. This Court may not extend its jurisdiction where none exists, even in the interests of justice. *See Christianson v. Colt Indus. Operating Corp.*, — U.S. ——, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). The Court grants the defendant's motion to dismiss for lack of subject matter jurisdiction.