CHINA DIESEL IMPORTS, INC., A CALIFORNIA CORPORATION, PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 92–10–00696

(Dated June 2, 1993)

*Zimmerman & Adams (James M. Zimmerman)* for plaintiff.
*Stuart E. Schiffer,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(James A. Curley)* for defendant.

## OPINION

RESTANI, *Judge:* This matter is before the court for resolution of defendant's motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff's merchandise was formally excluded from entry into the United States on April 14, 1992, after a request for redelivery was made by the United States Customs Service on November 15, 1991. On May 21, 1992, plaintiff filed a protest of the exclusion decision. Defendant failed to act on the protest within thirty days as required by 19 C.F.R. § 174.21(b) (1992). Plaintiff filed suit in this court on October 19, 1992 challenging the denial of its protest which it deemed to have occurred on the thirty-first day following the filing of its protest. Defendant now asks the court to dismiss this action.

## DISCUSSION

In *Cherry Lane Fashion Group, Inc. v. United States,* 13 CIT 291, 712 F. Supp. 190 (1989), *aff'd,* 897 F.2d 539 (Fed. Cir. 1990) (unpublished opinion), this court held that failure to comply with the time limits of 19 C.F.R. § 174.21(b), which concerns protests relating to exclusion of merchandise, does not result in a deemed denial. Therefore, 28 U.S.C. § 1581(a) (1988) (protest denial) jurisdiction was found lacking. *Cherry Lane,* 13 CIT at 292, 712 F. Supp. at 191. Under the facts of *Cherry Lane,* accelerated protest procedures provided an adequate remedy, therefore 28 U.S.C. § 1581(i) (1988) (residual) jurisdiction also was found lacking. 13 CIT at 292, 712 F. Supp. at 191.

The court agrees with plaintiff that the accelerated protest procedures of 19 U.S.C. § 1515(b) (1988) and 19 C.F.R. § 174.22 (1992), which can result in a deemed denial within 120 days of filing, logically apply to ordinary (non-exclusion) protests, which are to be decided within two years of filing. *See* 19 C.F.R. § 174.21(a) (1992). These provisions antedate the regulatory provision specifying that protests of exclusion are to be decided within thirty days. *See* 38 Fed. Reg. 21,785 (Dep't Treas. 1973) (notice of proposed rulemaking); 35 Fed. Reg. 13,428, 13,431 (Dep't Treas. 1970) (final rule). Nonetheless, the acceleration and

deemed denial procedures are available to any protestor, even those whose goods were excluded. Having waited five months from the filing of its protest, or four months from the claimed deemed denial, to bring suit in this court, plaintiff now cannot make out a case that the accelerated protest procedures were manifestly inadequate. Therefore, 19 U.S.C. § 1581(i) jurisdiction is lacking here as it was in *Cherry Lane*. *See Cherry Lane*, 13 CIT at 294–95, 712 F. Supp. at 193; *see also American Air Parcel Forwarding Co. v. United States*, 2 Fed. Cir. (T) 1, 7, 718 F.2d 1546, 1551 (1983) (accelerated protest procedures found not manifestly inadequate in non-exclusion context), *cert. denied*, 466 U.S. 937 (1984).

The question remaining is, now that a year has passed from the filing of the protest, without action, should the court consider the protest (which should have been determined within thirty days) to have been denied for purposes of 28 U.S.C. § 1581(a) jurisdiction. As indicated, there is no automatic deemed denial after thirty days, that is, a denial by operation of law. *See Cherry Lane*, 13 CIT at 294, 712 F. Supp. at 193. Furthermore, normally a notice of denial is required to trigger jurisdiction, even after expiration of the two-year period. *See Knickerbocker Liquors Corp. v. United States*, 78 Cust. Ct. 192, 196, C.R.D. 77–5, 432 F. Supp. 1347, 1351 (1977).

In this case, the exclusion decision occurred some months after plaintiff submitted documentation, so that the court presumes at least one meaningful administrative decision has been made. Plaintiff then further exhausted its remedies by protesting. It then waited in vain for a formal notification of denial. Customs has a thirty day rule for decisions in this type of case and it has not offered a single reason why its regulation was not met. Furthermore, nothing has occurred since Customs was put on notice (some months ago) that it had missed the thirty day limit. Customs' regulations must have some meaning, even if that meaning is only that Customs must explain its failure to adhere to its regulation.

This court is a court of equity, as well as law, yet defendant asks the court to grant its motion without an explanation for its seeming disregard of the law it has promulgated. In the absence of any stated reason for the *extraordinary* delay occasioned by Customs in this case, the court may assume that Customs has no reason for not acting on the protest within the time required by its own regulations. That being the case, the court will presume that the protest has been denied for all intents and purposes and that jurisdiction attaches under 28 U.S.C. § 1581(a). Thus, the court declines to grant defendant the relief it seeks at this time.

ORDERED. Motion to dismiss denied.