**TEMPCO MARKETING, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 97–21.**
**Court No. 97–01–00056.**

United States Court of
International Trade.

Feb. 10, 1997.

Peter S. Herrick, Miami, FL, for plaintiff, Tempco Marketing.

Frank W. Hunger, Assistant Attorney General, Washington, DC; Joseph I. Liebman, Attorney in Charge, New York City, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Amy Rubin); of counsel:

Mark G. Nackman, Office of Assistant Chief Counsel, U.S. Customs Service, for defendant.

### OPINION

TSOUCALAS, Senior Judge.

Plaintiff, Tempco Marketing ("Tempco"), moves this Court for an Order to Show Cause pursuant to Rule 7(e) of the Rules of this Court. Specifically, plaintiff seeks to require defendant to show cause as to why the merchandise imported by Tempco, flour sticks and rice noodles, should not be immediately released into the United States. Defendant cross-moves to dismiss this action for lack of jurisdiction pursuant to Rule 12 of the Rules of this Court.

### Background

On August 19, 1996, plaintiff presented for examination entry number 880–0014340–9 for rice noodles and flour sticks imported through the Port of Los Angeles. A Notice of Detention was completed on August 20, 1996, and a follow up letter informing plaintiff that a decision regarding the entry had not yet been reached was sent on September 24, 1996. Pursuant to 19 U.S.C. § 1499(c)(5)(A) (1994), the imports were deemed excluded on September 19, 1996.[1] On October 18, 1996, Plaintiff was informed that the merchandise had been seized on October 11, 1996. Plaintiff filed a protest on November 18, 1996, which was deemed denied on December 19, 1996.[2]

Entry number 880–0014538–8 was presented for examination on September 13, 1996, and a Notice of Detention was completed on September 18, 1996. Customs seized the goods on October 11, 1996, and informed Tempco of the seizure by notice dated October 18, 1996. The protest filed on November

---

**1.** 19 U.S.C. § 1499(c)(5)(A) states the following regarding exclusion:

The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the

merchandise for purposes of section 1514(a)(4) of this title.

**2.** Section 1499(c)(5)(B) states that for purposes of 28 U.S.C. § 1581, "a protest against the decision to exclude the merchandise which has not been allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day."

18, 1996 was deemed denied on December 19, 1996, pursuant to 19 U.S.C. § 1499(c)(5)(B).

Entry number 880–0014539–6 was also presented for examination on September 13, 1996 and detained on September 18, 1996. The goods were seized on October 11, 1996, by notice dated October 18, 1996. At oral argument held on February 4, 1997, defendant claimed to have no record of a protest filed for this entry number. In addition, while plaintiff submitted copies of the protests regarding the other two Tempco entries, plaintiff has not filed a copy of a protest concerning entry number 880–0014539–6. *See* Compl., Ex. A.

On January 15, 1997, plaintiff commenced an action in this Court regarding all three entries.

### Discussion

1. *Entry Number 880–0014340–9*

In its complaint, plaintiff cites 28 U.S.C. § 1581(a) (1994), 28 U.S.C. § 1581(i)(3) (1994)[3], 19 U.S.C. § 1499(c) (1994) and 19 U.S.C. § 1514(a)(4) (1994)[4] as bases for the Court's jurisdiction. Compl. ¶ 1. Section 1581(a), Title 28, United States Code, grants the Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest." At oral argument held on February 4, 1997, citing *International Maven Inc. v. McCauley*, 12 CIT 55, 58–60, 678 F.Supp. 300, 302–04 (1988), defendant argued that this Court lacks jurisdiction to hear an action based on the protest of a seizure.

Section 1356, Title 28, United States Code (1994), confers original jurisdiction to the United States district courts over seizures under any United States laws not within maritime or admiralty jurisdiction, "except matters within the jurisdiction of the Court of International Trade under section 1582 of this title." Section 1582 involves actions commenced by the United States and is

therefore not applicable to the case presently before the Court.

In *International Maven*, the Court found that it lacked jurisdiction over an action involving the seizure of allegedly counterfeit goods bearing the English Leather trademark. The Court considered the following factors before concluding the plaintiff in that case was in fact protesting the seizure, and not the exclusion of the goods:

(1) the protest itself states that it challenges the seizure of the goods; (2) in August 1987, plaintiff received a notice of seizure; (3) as admitted by plaintiff, the government has control of the merchandise; and (4) after this "seizure", plaintiff was required to make a choice as to whether immediate forfeiture should begin or whether plaintiff wanted to petition for relief from seizure. There does not appear to have been any exclusion, but rather the goods were seized from the inception of their attempted entry.

12 CIT at 58, 678 F.Supp. at 302. The Court will now turn to the facts of this case in light of the above factors to determine whether the Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(a) or 28 U.S.C. § 1581(i).

■ First of all, the protest itself states that it challenges "an exclusion of the entry of the merchandise." Protest, Compl., Ex. A. The Court will not ignore the plain language of the protest simply because it was filed after the notice of the seizure. The court has previously acknowledged that the filing of a protest subsequent to a seizure does not automatically mean the importer is protesting the seizure as opposed to the exclusion. *See Milin Indus., Inc. v. United States*, 12 CIT 658, 662, 691 F.Supp. 1454, 1457 (1988); *R.J.F. Fabrics, Inc. v. United States*, 10 CIT 735, 738–39, 651 F.Supp. 1431, 1433–34 (1986). The second consideration in *International Maven* was plaintiff's receipt of a notice of seizure in August of 1987.

---

**3.** 28 U.S.C. § 1581(i)(3) grants the Court exclusive jurisdiction over any civil action filed against the United States arising out of any law of the United States providing for "embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety."

**4.** 19 U.S.C. § 1514(a)(4) states that decisions of Customs regarding "the exclusion of merchandise from entry or delivery" shall be "final and conclusive ... unless a protest is filed ... or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade...."

There was no exclusion in *International Maven* because the merchandise was seized within three days of entry. Tempco also received a notice of seizure, but unlike in *International Maven*, the notice of seizure (dated October 18, 1996) arrived after the goods were deemed excluded (September 19, 1996). Thus, this case is distinguishable from *International Maven* because there was in fact an exclusion of Tempco's imports. The next two factors weigh in favor of defendant's position as the government clearly has control over the goods, and plaintiff is required to make a choice between immediate forfeiture and petitioning for relief.

■ There is one final consideration tipping the scales in favor of finding no jurisdiction. The underlying substantive issue in this case is one involving trademark law. In *Milin*, 12 CIT at 662–63, 691 F.Supp. at 1457–58, the court found that it possessed jurisdiction over an action contesting the denial of a protest. The protest in that case, similar to the one presently before the Court, was filed after the exclusion and seizure of goods. In distinguishing *International Maven*, the court in *Milin* stated the following:

> First, while the goods in *International Maven* were seized from the moment of their importation, in this action the goods were excluded on June 23, 1987 and seized on June 29, 1987. Second, the underlying dispute in this action involves ... the proper classification of imported merchandise under the TSUS, rather than an issue of substantive trademark law as in *International Maven*.

12 CIT at 663, 691 F.Supp. at 1457. Thus, while this case is similar to *Milin* with respect to the sequence of events, like *International Maven* this case involves a seizure based on a claim of a violation of trademark law. Consequently, the Court finds that it does not possess jurisdiction over this action with respect to entry number 880–0014340–9.

### 2. *Entry Number 880–0014538–8*

■ This entry involves a slightly different set of facts because there was no exclusion. The seizure occurred on October 11, 1996, less than thirty days from the date the entry was presented for examination. Since the seizure occurred within thirty days of the presentation for examination, the merchandise was never deemed excluded pursuant to 19 U.S.C. § 1499(c)(5)(A). Accordingly, the protest can only be construed as a protest of the seizure. Therefore, under the *International Maven* analysis, the Court does not have jurisdiction over this action as it pertains to entry number 880–0014538–8. *See supra* at 1278–1279.

### 3. *Entry Number 880–0014539–6*

■ Entry number 880–0014539–6 also involves a situation in which the seizure occurred within thirty days of the date the entry was presented for examination. In addition, there is no record of any protest. Without a protest, and without an exclusion, the Court clearly does not possess jurisdiction over this action with respect to entry number 880–0014539–6.

### *Conclusion*

For the foregoing reasons, plaintiff's motion for an Order To Show Cause is denied. The Court concludes that it does not possess jurisdiction over this action and, therefore, grants defendant's motion to dismiss. Accordingly, this case is dismissed.

### JUDGMENT

This motion, having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now in accordance with said decision, it is hereby

ORDERED that plaintiff's motion for an Order To Show Cause is denied, and it is further

ORDERED that defendant's cross-motion for dismissal for lack of jurisdiction is granted, and it is further

ORDERED that this case is dismissed.