GENII TRADING CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 97–01–00057

(Dated February 10, 1997)

*Peter S. Herrick* for plaintiff, Genii Trading Company.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Amy Rubin);* of counsel: *Mark G. Nackman,* Office of Assistant Chief Counsel, U.S. Customs Service, for defendant.

## OPINION

TSOUCALAS, *Senior Judge:* Plaintiff, Genii Trading Company ("Genii"), moves this Court for an Order to Show Cause pursuant to Rule 7(e) of the Rules of this Court. Specifically, plaintiff seeks to require defendant to show cause as to why the merchandise imported by Genii, rice noodles, should not be immediately released into the United States. Defendant cross-moves to dismiss this action for lack of jurisdiction pursuant to Rule 12 of the Rules of this Court.

## BACKGROUND

Plaintiff imported the subject food products at the Port of Los Angeles in June of 1996. Plaintiff filed entry number DF2–2003590–4, and presented it for examination on July 18, 1996. Pursuant to 19 U.S.C. § 1499(c) (1994), the goods were deemed detained as of July 23, 1996, and deemed excluded as of August 18, 1996.[1] The United States Customs Service ("Customs") sent plaintiff a Notice of Detention on September 6, 1996. On October 18, 1996, plaintiff received a notice stating that on October 11, 1996, Customs seized the merchandise at issue because of a possible trademark violation due to counterfeit labels. *See* Compl. ¶6. Plaintiff subsequently filed a protest on November 18, 1996,

---

[1] 19 U.S.C. § 1499(c)(1) provides the following guidelines regarding detentions of merchandise:

Within the 5-day period (excluding weekends and holidays) following the date on which merchandise is presented for customs examination, the Customs Service shall decide whether to release or detain the merchandise. Merchandise which is not released within such 5-day period shall be considered to be detained merchandise.

19 U.S.C. § 1499(c)(5)(A) states the following regarding exclusion:

The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

which was deemed denied on December 19, 1996.[2] Plaintiff commenced an action in this Court on January 15, 1997.

DISCUSSION

In its complaint, plaintiff cites 28 U.S.C. § 1581(a) (1994), 28 U.S.C. § 1581(i)(3) (1994)[3], 19 U.S.C. § 1499(c) (1994) and 19 U.S.C. § 1514(a)(4) (1994)[4] as bases for the Court's jurisdiction. Compl. ¶1. Section 1581(a), Title 28, United States Code, grants the Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest." At oral argument held on February 4, 1997, citing *International Maven Inc. v. McCauley*, 12 CIT 55, 58–60, 678 F. Supp. 300, 302–04 (1988), defendant argued that this Court lacks jurisdiction to hear an action based on the protest of a seizure.

Section 1356, Title 28, United States Code (1994), confers original jurisdiction to the United States district courts over seizures under any United States laws not within maritime or admiralty jurisdiction, "except matters within the jurisdiction of the Court of International Trade under section 1582 of this title." Section 1582 involves actions commenced by the United States and is therefore not applicable to the case presently before the Court.

In *International Maven*, the Court found that it lacked jurisdiction over an action involving the seizure of allegedly counterfeit goods bearing the English Leather trademark. The Court considered the following factors before concluding the plaintiff in that case was in fact protesting the seizure, and not the exclusion of the goods:

> (1) the protest itself states that it challenges the seizure of the goods; (2) in August 1987, plaintiff received a notice of seizure; (3) as admitted by plaintiff, the government has control of the merchandise; and (4) after this "seizure", plaintiff was required to make a choice as to whether immediate forfeiture should begin or whether plaintiff wanted to petition for relief from seizure. There does not appear to have been any exclusion, but rather the goods were seized from the inception of their attempted entry.

12 CIT at 58, 678 F. Supp. at 302. The Court will now turn to the facts of this case in light of the above factors to determine whether the Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(a) or 28 U.S.C. § 1581(i).

First of all, the protest itself states that it challenges "an exclusion of the entry of the merchandise." Protest, Compl., Ex. A. The Court will not ignore the plain language of the protest simply because it was filed after the notice of the seizure. The court has previously acknowledged

---

[2] Section 1499(c)(5)(B) states that for purposes of 28 U.S.C. § 1581, "a protest against the decision to exclude the merchandise which has not been allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day."

[3] 28 U.S.C. § 1581(i)(3) grants the Court exclusive jurisdiction over any civil action filed against the United States arising out of any law of the United States providing for "embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety."

[4] 19 U.S.C. § 1514(a)(4) states that decisions of Customs regarding "the exclusion of merchandise from entry or delivery" shall be "final and conclusive * * * unless a protest is filed * * * or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade * * *."

that the filing of a protest subsequent to a seizure does not automatically mean the importer is protesting the seizure as opposed to the exclusion. *See Milin Indus., Inc. v. United States*, 12 CIT 658, 662, 691 F. Supp. 1454, 1457 (1988); *R.J.F. Fabrics, Inc. v. United States*, 10 CIT 735, 738–39, 651 F. Supp. 1431, 1433–34 (1986). The second consideration in *International Maven* was plaintiff's receipt of a notice of seizure in August of 1987. There was no exclusion in *International Maven* because the merchandise was seized within three days of entry. Genii also received a notice of seizure, but unlike in *International Maven*, the notice of seizure (dated October 18, 1996) arrived after the goods were deemed excluded (August 18, 1996). Thus, this case is distinguishable from *International Maven* because there was in fact an exclusion of Genii's imports. The next two factors weigh in favor of defendant's position as the government clearly has control over the goods, and plaintiff is required to make a choice between immediate forfeiture and petitioning for relief.

There is one final consideration tipping the scales in favor of finding no jurisdiction. The underlying substantive issue in this case is one involving trademark law. In *Milin*, 12 CIT at 662–63, 691 F. Supp. at 1457–58, the court found that it possessed jurisdiction over an action contesting the denial of a protest. The protest in that case, similar to the one presently before the Court, was filed after the exclusion and seizure of goods. In distinguishing *International Maven*, the court in *Milin* stated the following:

> First, while the goods in *International Maven* were seized from the moment of their importation, in this action the goods were excluded on June 23, 1987 and seized on June 29, 1987. Second, the underlying dispute in this action involves * * * the proper classification of imported merchandise under the TSUS, rather than an issue of substantive trademark law as in *International Maven*.

12 CIT at 663, 691 F. Supp. at 1457. Thus, while this case is similar to *Milin* with respect to the sequence of events, like *International Maven* this case involves a seizure based on a claim of a violation of trademark law. Consequently, the Court finds that it does not possess jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for an Order To Show Cause is denied. The Court concludes that it does not possess jurisdiction over this action and, therefore, grants defendant's motion to dismiss. Accordingly, this case is dismissed.